ANTONIO COLLELLI, Appellant, *v.* MYRON D. TURNER et al., Composing the Copartnership of RUTTER & TURNER, Respondents.

**Employers' Liability Act — not applicable to common-law action.**

The provisions of the Employers' Liability Act making the question of assumption of risks by an employee one of fact, do not apply to an action brought under common-law principles.

. *Collelli* v. *Turner*, 154 App. Div. 218, affirmed.

(Argued April 28, 1915; decided June 1, 1915.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 13, 1912, affirming a judg-

ment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term.

*William H. Griffin* and *Martin T. Manton* for appellant.

*John C. Robinson* and *James B. Henney* for respondents.

HISCOCK, J. This action was brought by the appellant to recover damages for personal injuries sustained by him while in the employ of defendants, and he seeks a recovery under common-law principles. The injuries sustained by plaintiff were the result of an accident to his hand while he was engaged in operating a press used for stamping skins. In the proper operation of this machine, as the result of pressing a treadle, the bed of the machine would rise against a die and make the desired impression upon the skin and then fall back.

It was the claim of the plaintiff that through the defective condition of the machine the bed at times would thus rise without any pressure on the treadle and that this was what occurred on the occasion of the accident when he was injured.

I think it is clear that the plaintiff knew enough about the alleged defect of this machine and about the possibility of such an accident as occurred so that he must be deemed to have assumed as matter of law the risks incident to the operation of the machine, unless the provisions of the Employers' Liability Act, making the question of assumption of risks by an employee under such circumstances one of fact, apply to an action brought under common-law principles.

In my opinion this question has been decided by this court adversely to the contention of the plaintiff. (*O'Neil* v. *Karr*, 110 App. Div. 571; 115 App. Div. 881; affirmed, 190 N. Y. 509; *Clark* v. *N. Y. C. & H. R. R. R. Co.*, 191 N. Y. 416; *Arnold* v. *National Starch Co.*, 194 N. Y. 42; *Jackson* v. *Greene*, 201 N. Y. 76. See, also,

*Seaboard Air Line Railway* v. *Horton*, 233 U. S. 492; *Southern Railway Co.* v. *Crockett*, 234 U. S. 725.)

The judgment appealed from should be affirmed, with costs.

COLLIN, CUDDEBACK, HOGAN, CARDOZO and SEABURY, JJ., concur; WILLARD BARTLETT, Ch. J., absent.

Judgment affirmed.