William McLean, Respondent, v. Studebaker Brothers Company of New York, Appellant.

**Negligence — workman injured by cause plainly visible — when he cannot recover on ground that defendant should have taken precautions to prevent accident.**

A transom over the door of defendant's garage, hung from the ceiling by hinges, with a sliding bolt at each end by which it can be immovably closed, which hinges and bolts are plainly visible, is not in itself a dangerous appliance and creates no trap or pitfall, and where a window cleaner of long experience, who had cleaned this transom each week for a period of nine months, placed his ladder against the transom, for the purpose of cleaning it, while it was unfastened, and it swung inward, causing the ladder to so move that plaintiff fell and was injured, he cannot recover on the ground that it was the duty of the defendant to have securely fastened the transom before he began to wash it and that failure so to do constituted negligence. (*Hess* v. *Bernheimer & Schwartz Pilsener Brewing Co.*, 219 N. Y. 415, followed.)

*McLean* v. *Studebaker Brothers Co.*, 168 App. Div. 897, reversed.

(Submitted November 1, 1917; decided November 13, 1917.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 30, 1915, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clayton J. Heermance* and *S. Michael Cohen* for appellant. The complaint should have been dismissed at the close of the plaintiff's case and the refusal to dismiss was error. The plaintiff failed completely to show actionable negligence. (*Larmore* v. *Crown Point Iron Co.*, 101 N. Y. 391; *Birch* v. *City of New York*, 190 N. Y. 397; *Hickok* v. *Auburn L., H. & P. Co.*, 200 N. Y. 464; *Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86; *Gumhouse* v. *Franckel*, 153 App. Div. 359; 211 N. Y. 567; *Callan* v. *Pugh*, 54 App. Div. 545; *Fanjoy* v. *Searles*,

29 Cal. 250; *Larkin* v. *O' Neill*, 119 N. Y. 221; *Flanagan* v. *Atlantic Alcatraz Asphalt Co.*, 37 App. Div. 476; *Miller* v. *Woodhead*, 104 N. Y. 471; *McAlpin* v. *Powell*, 70 N. Y. 126; *Cowen.* v. *Kirby*, 180 Mass. 504.)

*William F. Purdy* for respondent. The defendant's negligence was sufficiently shown by the evidence and the refusal of the learned trial court to dismiss the complaint was proper. (*Larmore* v. *C. P. Iron Co.*, 191 N. Y. 391; *Grill* v. *Gutfreund*, 65 Misc. Rep. 506; *Cheevers* v. *Ocean S. S. Co.*, 26 Misc. Rep. 193; *Homer* v. *Everitt*, 16 J. & S. 300; *Stastney* v. *Second Ave. Ry. Co.*, 18 N. Y. Supp. 800; Shearman & Redfield on Neg. [5th ed.] 183; Thompson on Neg. [2d ed.] §§ 953, 985; *Newall* v. *Bartlett*, 114 N. Y. 399; *Fogarty* v. *Bogart*, 43 App. Div. 430; *Delaney* v. *P. R. R. Co.*, 78 Hun, 393; *Griffen* v. *Manice*, 166 N. Y. 188; *Swords* v. *Edgar*, 59 N. Y. 28; *Stinson* v. *Edgewater Saw Mills Co.*, 139 App. Div. 170; *John Spry Lumber Co.* v. *Dugan*, 80 Ill. App. 394.)

Collin, J. The plaintiff seeks to recover damages for personal injuries received, he alleges, by reason of the negligence of the defendant. The Appellate Division by a decision, not unanimous, affirmed the judgment consequent upon the verdict of the jury in favor of the plaintiff. At the close of the evidence the defendant excepted to the denial of its motion to dismiss the complaint. If there was no evidence that tended to support the verdict, the submission of the case to the jury was error. (*Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86.)

. The jury might have found as the facts most favorable to the plaintiff: In December, 1912, the time the plaintiff was injured, and through the several years last prior thereto, the plaintiff was the employee of L. Frankel & Company, whose business was window cleaning. The defendant was the proprietor of a garage, the windows

of which L. Frankel & Company had contracted to clean. The plaintiff was at the garage engaged in performing the contract. A transom of the garage, against which was the top of the ladder in use by the plaintiff in washing it, swung in, causing the ladder to so move that plaintiff fell and was injured. The transom was above and contiguous to the entrance doors. The entrance was sixteen feet wide and twelve feet in height. The transom was of equal width and two feet in height. It hung, at its top, upon hinges so that it could be swung inwardly and up to the ceiling by means of a rope or chain, thus increasing by its height the height of the entrance, and was frequently so used. At its either end was a sliding bolt by means of which it could be immovably closed. The hinges and bolts were plainly visible. The plaintiff had been a window cleaner, employed as stated, for about thirteen years. Each Tuesday of the nine months last preceding the accident, he had cleaned the windows, including the transom, of the garage. The construction and use of the transom had not been changed through at least the last two months of that period. The plaintiff had never seen the transom open, and had always, when washing it, found it solid or secure. The plaintiff testified that he had noticed when cleaning it on previous occasions that it had no hinges or catches and was not made to open and shut, but the testimony of a disinterested witness in behalf of the plaintiff was that through the two months, as stated, it had hinges upon which it swung. The method adopted by the plaintiff in washing the transom was known to the defendant.

The plaintiff asserts it was the duty of the defendant to have securely fastened the transom before the plaintiff began to wash it, and failure so to do constituted its negligence. The duty did not exist. The duty of the defendant to the plaintiff, under the conditions here

existing, was the duty owed by it to its own employee in the same case. (*Hess v. Bernheimer & Schwartz Pilsener Brewing Co.*, 219 N. Y. 415.) The measure of it was reasonable care and prudence in securing the safety of the plaintiff.

The case here does not involve the sufficiency or integrity of any appliance or instrumentality. The transom in and of itself and in the manner of its affixation was suitable and proper. It in all respects was adapted and appropriate to its use. It was lawful for the defendant to so use it and to construct it for the use. When the plaintiff came to the garage, the transom in all its parts was readily discernible. Within or connected with or a part of it, there was not any latent defect or hidden danger. It did not create a trap or pitfall. Ordinary and reasonably prudent observation by the plaintiff would have disclosed to him the full and exact situation and condition, the hinges, the bolts, the chain or rope by which the transom was swung to the ceiling and the unfastened and movable condition of the transom. Through ordinary intelligence, experience and thoughtfulness, he would have known that the ladder against it, ascended by him, might cause it to swing and the stability of the ladder and his safety affected. By using the sliding bolts, he could, as well as could the defendant, have made it stable and secured his safety. The defendant was not bound to accompany him, through the agency of an officer or employee, to the transom and slide the bolts or warn him that the ladder against it might cause it to swing, because no duty rests on a master to secure the safety of his servant against a condition, or even defects, risks or dangers that may be readily observed by the reasonable use of the senses, having in view the age, intelligence and experience of the servant. The plaintiff here was experienced and intelligent. His means of knowing the danger were the

same as the defendant's.   The risks and danger were obvious and comprehensible through ordinary and reasonable care and inspection, and it was not the duty of the defendant to save him from them.   (*McCafferty* v. *Lewando's F. Dyeing & Cleansing Co.,* 194 Mass. 412; *Flood* v. *Western Union Tel. Co.,* 131 N. Y. 603; *Stuart* v. *West End Street Railway Co.,* 163 Mass. 391; *Mississippi River Logging Co.* v. *Schneider,* 74 Fed. Rep. 195.)

The judgment should be reversed and a new trial granted, costs to abide the event.

Hiscock, Ch. J., Cuddeback, Hogan, Pound and Andrews, JJ., concur; McLaughlin, J., not sitting.

Judgment reversed, etc.