CATHERINE DOUGHERTY, as Administratrix of the Estate of LEO DOUGHERTY, Deceased, Respondent, *v.* PRATT INSTITUTE, Appellant.

Negligence — buildings — rule of Industrial Board requiring installation of hooks for safety belts of window cleaners not applicable to school building — no common-law liability for death of window cleaner who fell from window unprovided with hooks — assumption of risk — liability of owner unaffected by Labor Law, §§ 201, 202.

A rule of the Industrial Board, adopted pursuant to the Labor Law (Cons. Laws, ch. 31), that hooks for safety belts of window cleaners shall be installed in buildings used for factories or mercantile establishments does not apply to a school building. Nor does an action against the owner thereof to recover for the death of a window cleaner who fell from the ledge of a window unprovided with hooks exist at common law. The absence of hooks was obvious to the worker, there was no hidden defect accentuating the danger and he assumed the risk when he continued at work. Defendant's liability is unaffected by the statute (Labor Law, §§ 201, 202).

*Dougherty* v. *Pratt Institute*, 217 App. Div. 752, reversed.

(Argued December 3, 1926; decided December 31, 1926.)

APPEAL from a judgment, entered July 7, 1926, upon an order of the Appellate Division of the Supreme Court

in the second judicial department, which reversed a judgment in favor of defendant entered upon an order of the court at a Trial Term granting a motion to set aside a verdict in favor of plaintiff and for a dismissal of the complaint and directed a reinstatement of the verdict.

*Benjamin C. Loder* and *John H. Scully* for appellant. The defendant's failure to supply an appliance or contrivance on its school building, to which a window cleaning belt might have been attached, did not constitute a violation of any legal duty owed to plaintiff's intestate nor does it impose upon the defendant any liability, based on negligence, to the plaintiff in this action. (*Pauley* v, *S. G. & L. Co.*, 131 N. Y. 90; *Huda* v. *Amer. Glucose Co.*; 154 N. Y. 474; *Lindsley* v. *Stern*, 203 App. Div. 615. *Kunder* v. *Purchase Holding Co.*, 188 App. Div. 94; *Hickey* v. *Taaffe*, 105 N. Y. 26; *Dillon* v. *National Coal Tar Co.*, 181 N. Y. 215; *Glens Falls P. C. Co.* v. *Travelers Ins. Co.*, 162 N. Y. 399; *Sullivan* v. *New Bedford Gas & Edison Co.*, 190 Mass. 288; *Crimmins* v. *Booth*, 202 Mass. 17; *Pettingill* v. *Porter & Son*, 219 Mass. 347; *Hess* v. *Bernheimer*, 219 N. Y. 415.)

*Julius F. Newman* for respondent. Defendant was under obligation to the deceased to furnish him with a safe place to work. (*Alexander* v. *City of New York*, 194 App. Div. 161; *Dowdell* v. *Lackawanna Steel Co.*, 198 N. Y. 362; *Blumquist* v. *Snare & Triest Co.*, 135 App. Div. 709; *Wistinetz* v. *Goldman*, 154 App. Div. 829; *Glennon* v. *Star Co.*, 130 App. Div. 491; 197 N. Y. 597; *Pepe* v. *Utica Pipe Foundry Co.*, 132 App. Div. 458; *Conyes* v. *Oceanic Amusement Co.*, 202 N. Y. 408.) The defendant owed to plaintiff's intestate the same duty that it owed to its own employee. (*McLean* v. *Studebaker Bros. Co.*, 221 N. Y. 475; *Hess* v. *Bernheimer*, 219 N. Y. 415; *Alexander* v. *City of New York*, 194 App. Div. 161.)

CARDOZO, J. The action is to recover damages for injuries resulting in death.

Plaintiff's intestate was employed by the Consolidated Window Cleaning Corporation which had a contract with the defendant, the Pratt Institute, for the cleaning of windows. He was sent by his employer to the defendant's building, constructed and then in use as a school. While standing on the outer ledge of one of the windows he fell to his death. A few of the windows were fitted with hooks for the safety belts of cleaners. Other windows were without hooks. There were none at the window where the man was standing when he fell. A rule of the Industrial Board, adopted in pursuance of the Labor Law (Cons. Laws, ch. 31; *Schumer* v. *Caplin*, 241 N. Y. 346), says that hooks shall be installed in buildings used for factories or mercantile establishments. By concession these classes do not include defendant's school. The cause of action cannot be built, nor does the plaintiff try to build it, upon a violation of the ordinance. The question is whether a cause of action exists at common law.

The absence of hooks was obvious to the worker the moment that he stood upon the ledge. There was no hidden defect accentuating the danger. An owner of a building may owe as great a duty to the invited servant of another as he does to his own servant. He does not owe a greater one (*Hess* v. *Bernheimer & Schwartz Brewing Co.*, 219 N. Y. 415, 418). The risk was assumed when the cleaner continued at the work (*McLean* v. *Studebaker Bros. Co.*, 221 N. Y. 475, 478; *Collelli* v. *Turner*, 215 N. Y. 675). There is no question here of the breach of any statutory duty (*Fitzwater* v. *Warren*, 206 N. Y. 355). The plaintiff sues at common law. The defendant's liability is unaffected by the statute (Labor Law, §§ 201, 202; *Collelli* v. *Turner, supra*).

We are not required to consider other objections to

the recovery which were pressed upon us at the bar with earnestness and force.

The judgment of the Appellate Division should be reversed, and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.