## KOCH v PENNSYLVANIA-OHIO POWER & LIGHT CO

Ohio Appeals, 7th Dist, Mahoning Co

W. J. Kenealy, Youngstown, for Koch.

Harrington, DeFord, Huxley & Smith, Youngstown, for Power & Light Co.

POLLOCK, J.

It is claimed by the plaintiff that under the provisions of 871-15 and 871-16 GC, that it was required to furnish its employes and frequenters with a safe place to work, and also the latter one of these sections required it to use the modern safety appliances for that purpose. It is claimed that this was a violation of those sections.

These sections are in the chapter relating to the Industrial Commission, and that chapter provides certain requirements employers must use in their employment where their employes are required to work, and it also provides for certain inspections and directions by this Commission. So that the section wholly refers to employment and employes. The section referred to provided it must be a safe place not only to employes but for frequenters, and probably the word "frequenters" is defined as meaning persons who enter the place of employment, but the question still remains whether they are required to furnish safe places where the employes are not required to go; In other words, the part of the building or plant where no work by their employes is to be done.

This question was before the Federal Appellate Circuit Court of Appeals of the sixth District, which includes this state, in a case which went up from Cleveland, and was decided by that court, holding that they were not, that it was only places where employes were required to go, or necessary for them to go, that the statute would reach. This is found in 13 Fed. Court, Second Series, on page 381. In the syllabus the court says:

> "Employe of independent contractor receiving injuries while washing windows for defendant at place where no employe of defendant was required to work; held not entitled to recovery under General Code Ohio Sections 871-15, 871-16, requiring safe place of employment for employes and frequenters, since 'place of employment' as used therein, means place where such employe is required to work, either temporarily or permanently."

But, be that as it may, we have the common law rule as to persons other than employes. This man was not an employe of the defendant, so that the rules of assumed risk or contributory negligence applied to him. He knew when he went out there and while he was there working that there was no appliance for him to fasten his belt to so as to protect him. He does not claim he fell from any defect in the window sill or where he was standing, but

simply that he lost his balance and fell to the ground. So that we have the question, can a person other than an employe, who goes to a place that he knows is dangerous, knows as well as the owner of the building, and falls from no defect except that the owner of the building had not performed some active duty, and recover. We think his right to recover is governed under the common law rule just as other persons who may go to dangerous places and receive an injury.

The case of Schaefler v. City of Sandusky is a case where a person went on an icy place in the street, knowing that it was icy and dangerous. Now, without referring at any great length, we read from the opinion on page 249:

"But where there is danger, and the peril is known, whoever encounters it, voluntarily and unnecessarily, can not be regarded as exercising ordinary prudence, and therefore does so at his own risk."

Referring to a number of cases in which a somewhat similar question arises: **32 Oh St 94: 53 Oh St 43; 75 Oh St 215.**

The rule is quite distinctly laid down in the case of Fitzgerald v. Connecticut River Paper Company, 29 N. E., 464. This is a Massachusetts case.

"The rule of law, briefly stated, is this: One who knows of a danger from the negligence of another and understands and appreciates the risk therefrom, and voluntarily exposes himself to it, is precluded from recovery for an injury which results from the exposure."

We might refer to the case of Dougherty vs. Pratt Institute, 244 N. Y., 111; 155 N. E., 67, which is a window cleaning case, very similar to the one we have here.

"The absence of hooks was obvious to the worker the moment that he stood upon the ledge. There was no hidden defect accentuating the danger. An owner of a building may owe as great a duty to the invited servant of another as he owes to his own servant. He does not owe a greater one."

We think this party assumed the risk, went out knowing the condition of the window, and the judgment of the court below is affirmed.