## MICHALEK v. UNITED STATES GYPSUM CO.

District Court, W. D. New York.
Oct. 12, 1936.

William L. Clay, of Rochester, N. Y., for plaintiff.

Hubbell, Taylor, Goodwin, Nixon & Hargrave, of Rochester, N. Y. (Casper Baltensperger, of Rochester, N. Y., of counsel), for defendant.

RIPPEY, District Judge.

According to the memorandum furnished by defendant, the fifth cause of action set up in the complaint is the only one that has survived and remains for consideration by the court. To that cause of action the defendant has set up six affirmative defenses: (1) Contributory negligence; (2) assumption of risk; (3) fellow-servant rule; (4) statute of limitations; (5) Workmen's Compensation Law of the state of New York (Consol. Laws, c. 67) as a bar to the action; (6) that section 299 of the Labor Law of the state of New York (Consol.Laws c. 31) upon which the cause of action is based is unconstitutional as violative of the due process provisions of section 1 of the Fourteenth Amendment to the Federal Constitution and of section 6, article 1, of the New York State Constitution. The plaintiff moved to strike out all the aforesaid defenses except that setting up the statute of limitations, on the ground that they are insufficient as a matter of law.

This action is based exclusively upon violations of provisions of subdivisions 1, 2, and 3 of section 299 of the Labor Law of the state of New York, relating to ventilation, heating, and humidity of factories and workrooms therein. For violation of those provisions a penalty is imposed under section 1275 of the Penal Law (Consol. Laws, c. 40). Section 299 of the Labor Law imposes certain definite duties on the employer. A violation of the duties imposed constitutes negligence as a matter of law (Schmidt v. Merchants Despatch Transportation Co., 270 N.Y. 287, 304, 200 N.E. 824). The statute being for the benefit of a particular class, where one of that class is injured because of its violation, recovery may be had irrespective of negligence on the part of the defendant; it is only where the statute is enacted for the benefit of the public generally that a neglect to observe its terms, which results in personal injury, may be considered by the jury merely as evidence of negligence. Michalek v. United States Gypsum Co. (C.C.A.) 76 F.(2d) 115, 119.

The duty imposed by statute being absolute, the employer may not shield himself from liability because of the negligence of a coemployee of the plaintiff in failing to perform that duty. Simone v. Kirk, 173 N.Y. 7, 13, 65 N.E. 739. Upon entering the employment, by contract express or implied, the servant assumes only those risks incident to his performance of the work which are open and obvious and known to him, or such as ought to be known to him in the exercise of ordinary care after performance by the master of the duties which he owes to his servant. Jenks v. Thompson, 179 N.Y. 20, 26, 71 N.E. 266. The risk of injury arising out of failure of the master to employ statutory safeguards is not assumed by the servant even though the servant knows of such failure. Narramore v. Cleveland, C. C. & St. L. Ry. Co. (C.C.A.) 96 F. 298, 48 L.R.A. 68; Fitzwater v. Warren, 206 N.Y. 355, 99 N.E. 1042, 42 L.R.A.(N.S.) 1229; Dougherty v. Pratt Institute, 244 N.Y. 111, 113, 155 N.E. 67. The master is deprived of the defense of assumption of risk, where injury is due to noncompliance with the statutory requirements for the protection of the servant, even though the statute does not expressly so provide (39 C.J. § 904 and citations). If the servant continues in the employ with full knowledge of the violation by the master of the duty imposed by the statute, he may be barred from recovery, perhaps, on the ground of contributory negligence (Amberg v. Kinley, 214 N.Y. 531, 108 N.E. 830, L.R.A.1915E, 519), but not on any theory that he assumed the risk (Narramore v. Cleveland, C. C. & St. L. Ry. Co., supra).

Plaintiff's employment ended in July, 1929. Any injury for which plaintiff may

recover must have occurred prior to that date. Schmidt v. Merchants Despatch Transportation Co., supra. The Workmen's Compensation Law of the state of New York then in effect did not cover pneumoconiosis, pulmonary fibrosis, or diseases of the lungs resulting from the inhalation of gypsum dust, which complainant is alleged to have incurred as a result of the injuries sustained. It was not until the amendments in effect on September 1, 1935, and May 6, 1936, that such diseases were brought within the terms of the New York state Workmen's Compensation Law.

 It is not the province of any court to hold an act of the Legislature unconstitutional unless its unconstitutionality is clear beyond any rational doubt. Precision Castings Co. v. Boland (D.C.) 13 F. Supp. 877. The burden is upon the person alleging unconstitutionality to clearly establish that it is in violation of the fundamental law. The Legislature has provided in section 299 of the Labor Law that "every work room in a factory shall be provided with proper and sufficient means of ventilation, natural or mechanical or both, as may be necessary, and there shall be maintained therein proper and sufficient ventilation and proper degrees of temperature and humidity at all times during the working hours"; that "all machinery creating dust or impurities shall be equipped with proper hoods and pipes connected to an exhaust fan of sufficient capacity and power to remove such dust or impurities; such fan shall be kept running constantly while such machinery is in use"; and that "if dust, gases, fumes, vapors, fibers or other impurities are generated or released in the course of the business carried on in any workroom of a factory, in quantities tending to injure the health of the employees, suction devices shall be provided which shall remove such impurities from the workroom, at their point of origin where practicable, by means of proper hoods connected to conduits and exhaust fans. Such fans shall be kept running constantly while the impurities are being generated or released." Subdivision 4 provides that the Industrial Board "shall make rules for and fix standards of ventilation, temperature and humidity in factories and shall prescribe the special means, if any, required for removing impurities or for reducing excessive heat, and the machinery, apparatus or appliances to be used for any of said purposes, and the construction, equipment, maintenance and operation thereof." Pursuant to such authority and the authority conferred by sections 27 and 28 of the Labor Law, the Industrial Board provided general regulations for carrying into effect the provisions of the statute. For example, the board provided that every hood should be made of galvanized steel, or other material, subject to the approval of the Commissioner, should be so designed and located that the dust, gases, or fumes will fall, be projected or drawn into the hood in the direction of the air flow, etc. (rule 725). The required pipes, the exhaust fans and other means of ventilation referred to in the statute are located and defined (rules 740 and 741). There are other rules of a similar character. None of these rules create any duty on the part of the employer additional to those created by the act of the Legislature. Federal Radio Commission v. Nelson Bros. Co., 289 U.S. 266, 53 S.Ct. 627, 77 L.Ed. 1166, 89 A.L.R. 406. There is no delegation of authority by the Legislature of any of its legislative functions; it merely gave to the administrative agency charged with the enforcement of the law the right, and charged it with the duty, to make rules and regulations necessary for the administration of the law. United States v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563. Under subdivision 1, what is proper and sufficient means of ventilation as may be necessary requires proof. There is nothing in the rules which dispenses with such proof or precludes dispute. Subdivision 2 requires that all machines creating dust shall be equipped with proper hoods and pipes connected to an exhaust fan of sufficient capacity and power to remove such dust or impurities. There is nothing uncertain about the meaning of the statute. The rules merely provide for the location, kind, design, connection, and operation of such hoods, pipes, and exhaust fans as are required by the statute. Whether such hoods, pipes, or exhaust fans are of sufficient capacity and power or are suitably connected to remove the dust or impurities is a question of fact, and the rules do not convert this question into a conclusive presumption dispensing with proof. The rules merely provide for the design, connection, and location of the hoods, conduits, and exhaust fans referred to in subdivision 3 of section 299. The act upon its face is neither uncertain, vague, incomplete, nor indefinite; the allegations contained in the sixth affirmative defense are mere generalities and conclusions with-

out any statement of facts upon which any such generalities or conclusions may be based, and defendant has utterly failed to meet the burden cast upon it of showing beyond any reasonable doubt that the act is unconstitutional.

In view of what has been said above, the motion of the plaintiff to strike out the second, third, fifth, and sixth defenses must be granted, and the motion to strike out the first affirmative defense must be denied, and it is so ordered.