WILLIAM J. MEYERS *v.* PARO REALTY & MORTGAGE COMPANY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 8—decided July 22, 1941.

*DeLancey Pelgrift,* for the appellant (defendant).

*Joseph F. Berry,* with whom, on the brief, was *Richard F. Berry,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff, a tenant of an office in a building owned by the defendant, brought this action to recover damages for injuries he suffered when he fell down an elevator shaft in it.   A verdict was rendered in his favor and the defendant has appealed from a denial of its motion to set the verdict aside and from the judgment.   It is necessary, however, to consider only one of the issues raised, that the jury could not have reasonably found otherwise than that the plaintiff had assumed the risk of injury.

There is substantially no dispute as to the facts. The plaintiff had been given a key to the outer door of the building so that he could go to his office when the building was closed, and had received permission to operate the elevator to enable him to reach it, as it was located on the fifth floor.   On the day of the accident, which was Sunday, he entered the building and turned on a light near the elevator shaft.   He looked through the door of the elevator shaft, which was glass, to see if the elevator was at that floor and, deceived, as he claims, by a reflection from the polished marble walls of the corridor, thought that he saw it. He took the key to the door from a ledge above it where it was customarily kept when the building was closed and unlocked the door. He opened it, held it with his knee and put the key back on the ledge.   He then stepped sidewise through the door and, the elevator not being at that floor, fell to the bottom of the shaft.

The door of the elevator shaft could be opened whether or not the elevator was at the ground floor. The light inside the elevator could be turned on only by one who had entered it.   Other tenants of the

building had permission to use it. The practice of those using it was, after unlocking the door, to place the key back on the ledge before entering the elevator. When a tenant arrived at his own floor he would place a board in such a way as to hold the door of the elevator open, as it would otherwise automatically close. This enabled him to use the elevator when he wanted to go down in it. It would remain at that floor until someone operated it to another floor. The plaintiff had been a tenant of the building for some two and one-half years and had used the elevator when the building was closed approximately two dozen times. There were occasions when he had found that the elevator was not at the ground floor. He knew that other tenants had permission to go to the offices in the building when it was closed, that they at times used the elevator for that purpose, that the key was left on the ledge for the convenience of those wishing to do so, and that it was the practice to put it back on the ledge after opening the door.

When a person knows or as a reasonable man should know that in pursuing a certain course he will expose himself to the risk of injury, comprehends or ought as a reasonable man to comprehend the nature and extent of the risk and voluntarily subjects himself to it, he assumes that risk and cannot recover damages resulting to him from it. *Freedman* v. *Hurwitz*, 116 Conn. 283, 287, 164 Atl. 647; *L'Heureux* v. *Hurley*, 117 Conn. 347, 354, 168 Atl. 8; *Dean* v. *Hershowitz*, 119 Conn. 398, 412, 177 Atl. 262; *Hassett* v. *Palmer*, 126 Conn. 468, 477, 12 Atl. (2d) 646; Restatement, 2 Torts, § 340. Under such circumstances the obligation is on the person undertaking the risk to guard himself against it, and if, through a failure to do so, he suffers injury he cannot recover damages. There can be no reasonable question here that the plaintiff knew that

there was present in the situation confronting him when he undertook to take the elevator, a risk that it might not be at the ground floor, even though the key was on the ledge above it; and of course he must have comprehended the danger that, if he stepped through the door when the elevator was not there, he would fall to the bottom of the shaft and suffer serious injury. The claim of the plaintiff is that the defendant was negligent in permitting the practice of using the elevator by tenants as above described and in failing to provide illumination of such a nature that the presence or absence of the elevator at the ground floor could be detected. These faults, if they were such, were intrinsic in the method of using the elevator under the existing practice. In accepting the permission given him by the defendant to use the elevator when the building was closed, under the existing conditions, with his knowledge that it would entail the risk that, even though the key was left on the ledge above the door the elevator might not be at the ground floor and the comprehension he must have had of the danger inherent in the situation, no conclusion is reasonably possible other than that he assumed that risk. *Elie* v. *Cowles & Co.*, 82 Conn. 236, 240, 73 Atl. 258; *Thomas* v. *Quartermaine*, L. R. 18 Q. B. 685, 695; *Mc-Lean* v. *Studebaker Bros. Co.*, 221 N. Y. 475, 478, 117 N. E. 951; *Dougherty* v. *Pratt Institute*, 244 N. Y. 111, 113, 155 N. E. 67; *Bianchi* v. *South Park Presbyterian Church*, 123 N. J. L. 325, 334, 8 Atl. (2d) 567; *Dingman* v. *A. F. Mattock Co.*, (Cal. App.), 96 Pac. (2d) 821; *Dietz* v. *Magill* (Mo. App.), 104 S. W. (2d) 707.

It is true that knowledge of general conditions indicative of risk of injury may not afford a basis for a conclusion that a risk due to a particular condition was assumed; *Dean* v. *Hershowitz*, supra; *Wray* v.

*Fairfield Amusement Co.,* 126 Conn. 221, 227, 10 Atl. (2d) 600; but in this case, as has been pointed out, the risk of injury suffered by the plaintiff was intrinsic in his use of the elevator under the existing conditions. The plaintiff in his brief quotes a part of a sentence from *Dean* v. *Hershowitz,* supra, 413, to the effect that "if the plaintiff was not guilty of contributory negligence in using it [the porch] she would not be held to have assumed the risk." This statement, not happily worded at best, was made with reference to the application of the doctrine of risk of injury where a promise has been made to repair the defect which caused it. The case of *Crowell* v. *Middletown Savings Bank,* 122 Conn. 362, 189 Atl. 172, similar in many respects to the case before us, is essentially different because under the facts there present the plaintiff could reasonably assume, as pointed out in the opinion (p. 366), that the elevator was at the first floor landing, whereas in this case not only did the plaintiff fail to rely upon such an assumption and in fact looked to see if the elevator was at the ground floor, but also the customary practice of leaving the key on the ledge over the door when the elevator had been operated by another tenant to an upper floor, known to the plaintiff, precluded any such assumption.

There is error, and the case is remanded with direction to set the verdict aside.

In this opinion the other judges concurred.