ELIZABETH PALL *v.* JAMES P. PALL

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 14—decided December 12, 1950

*William L. Hadden,* with whom were *James O. Shea* and, on the brief, *Clarence A. Hadden,* for the appellant (defendant).

*D. H. Cotter,* with whom was *John J. Cotter,* for the appellee (plaintiff).

JENNINGS, J.   The plaintiff was injured while riding in a car driven by her son.   She secured a verdict against him and he has appealed.   The only assignment of error is based on the refusal of the trial court to set aside the verdict.

The jury reasonably could have found the following facts: All the persons concerned in this affair are related and live in a two-family house in Fairfield.   On Memorial Day, 1947, the plaintiff's two-year-old granddaughter fell on the back porch of this house and cut her forehead badly.   It bled profusely and there was great excitement.   A car belonging to the plaintiff's husband was standing in the yard.   Since the child's mother was not dressed to go out, the plaintiff took the child into the rear seat of the car.   Her son, the defendant, drove, and her son-in-law, the father of the child, sat in the front seat.   They planned to get medical aid for the child.   After calling at the offices of several doctors in vain, they started for St. Vincent's Hospital.   Their route was along Cleveland Avenue, and the defendant drove at forty to forty-five miles per hour although the posted speed was twenty-five miles per hour.   No one complained of the defendant's speed.

Norman Street intersects Cleveland Avenue.   The pavement within the intersection rises to a crest along the middle of Norman Street and slopes down on either side to the level of Cleveland Avenue.   The defendant did not see this hump.   When he hit it, both the plaintiff and the child's father were thrown from their seats and the plaintiff was badly injured.   The accident would not have occurred if the defendant had complied with the posted speed of twenty-five miles per hour.

The hump in Norman Street was described by several witnesses.   The day was clear and it was about

1:30 p. m.  The jury reasonably could have found that the defendant should have seen the hump and slowed down.  The considerations attending the doctrines of emergency and rescue, relied on by the defendant, might have been sufficient to sustain a verdict in his favor, but they cannot be held to compel a finding as a matter of law that he was not negligent in the operation of the car.  *Cote* v. *Palmer,* 127 Conn. 321, 328, 16 A. 2d 595.  In *Pinckard* v. *Pease,* 115 Wash. 282, 197 P. 49, particularly relied on by the defendant, the trial was to the court.  It was held that the evidence failed to establish negligence and proved nothing more than a mistake of judgment on the part of the defendant. The conclusion was one of fact rather than one of law.

The claim of contributory negligence was not pressed.  The defendant also pleaded and relied on assumption of risk.  To prevail, he must prove that the plaintiff comprehended or ought as a reasonable person to have comprehended the nature and extent of the peril to which she was exposed and that she thereafter continued to expose herself to it of her own volition.  *Meyers* v. *Paro Realty & Mortgage Co.,* 128 Conn. 249, 251, 21 A. 2d 379.  Many considerations enter into a proper appraisal of a person's conduct to determine whether it indicates that he has assumed the risk.  *Gerardi* v. *Driscoll,* 88 Conn. 16, 21, 89 A. 892; *Tenney* v. *Baird Machine Co.,* 87 Conn. 119, 126, 87 A. 352.  The question is ordinarily one of fact.  *Dean* v. *Hershowitz,* 119 Conn. 398, 413, 177 A. 262.  Like the defendant, the plaintiff was acting under the stress of an emergency.  We cannot say, as a matter of law that she assumed the risk.

The defendant further argues that he owed the plaintiff no duty, by reason of the fact that the errand upon which he and the plaintiff were embarked was one of "rescue."  While, as stated above, this was one

of the circumstances to be considered in determining whether the defendant exercised reasonable care, it did not eliminate the duty which the defendant owed to the plaintiff. *Cote* v. *Palmer,* supra, 325. The action of the trial court in denying the motion to set aside the verdict was correct.

There is no error.

In this opinion the other judges concurred.