PETER PERAKOS v. LOMBARD BROS., INC., ET AL.

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE NO. 61227

Memorandum filed May 10, 1955.

*Samuel Freed*, of Hartford, for the plaintiff.

*Davis, Lee, Howard & Wright*, of Hartford, for the defendants.

FITZGERALD, J. Plaintiff is the owner of the premises, located on the west side of Main Street in New Britain, known as the Palace Theater. On July 23, 1953, these premises had a marquee suspended some ten to twelve feet over the public sidewalk which contained letterings advertising the current attrac-

tions at the theater within. The easterly or outside margin of the marquee protruded at least six inches beyond the curbing out into the public highway. A truck owned by the corporate defendant and operated by its employee, the defendant Biron, came in contact with the southeast corner of the marquee, resulting in damages to the latter object. Hence the litigation at bar.

Prior to the episode, Biron was operating the truck southerly on Main Street. He had a delivery to make at a store located to the south of the theater. There was an available space for parking along the curbing located to the immediate south of the theater. In directing the truck into his space, the upper right front end of the trailer portion came in contact with the southeast corner of the marquee. The plaintiff claims negligence on the part of the defendant operator. Both defendants plead specially as defenses that the protruding marquee constituted a nuisance and that the plaintiff assumed the risk that it would be subject to damage. The interposed special defenses are deemed decisive of the case.

There is no question but that the marquee protruded at least six inches out into the public street. This circumstance and condition had been in existence for one or more years prior to July 23, 1953, and was known to the plaintiff. As a matter of fact the marquee had been subject to similar impacts on occasions prior to the one in question. That the widening of the street some time ago by the city authorities caused the marquee to protrude out into the traveled portion of the highway used by vehicles does not avail the plaintiff anything under the interposed special defenses of the defendants.

The protruding marquee is found as a matter of fact to have constituted a nuisance as to the defendants. See *Laspino* v. *New Haven,* 135 Conn.

603, 604, and cases there cited as to the standard definition of the word nuisance as used in the law, and the quotation on the following page thereof from *Beckwith* v. *Stratford,* 129 Conn. 506, 508, as to the essential attributes of the condition which constitute a nuisance. So also it is found that the protruding marquee constituted that kind of nuisance characterized in law as absolute. Hence negligence on the part of the defendant operator, if any, would be of no moment. *Beckwith* v. *Stratford,* supra, 511. Lastly, it is found that the plaintiff, prior to the occasion in question, had reason to comprehend fully the peril to his protruding marquee, yet continued to have it so exposed. Hence he assumed the risk of the situation, which in itself bars his recovery for damages. See *Pall* v. *Pall,* 137 Conn. 347, 349.

To go no further, it is clear that the issues should be found for the defendants. Accordingly, judgment will so enter.