Anthony CSIZMADIA, Plaintiff-Appellee,

v.

P. BALLANTINE & SONS, Defendant-Appellant.

No. 243, Docket 26523.

United States Court of Appeals Second Circuit.

Argued Feb. 15, 1961.

Decided March 16, 1961.

---

(1) a warning given plaintiff concerning the slippery floor absolves Ballantine from any liability;

(2) plaintiff was guilty, as a matter of law, of contributory negligence; and

(3) plaintiff, as a matter of law, assumed the risk of the conditions which caused his injury.

Csizmadia was working as a temporary employee of a trucking company which had contracted to buy beer from Ballantine. He was sent to the Ballantine warehouse where he joined another employee of the trucker in loading beer kegs onto a truck. The first step in this process took place in the cooler room where the kegs were lifted and placed on a conveyor belt. The kegs in the cooler room invariably "sweated" profusely, thereby causing a wet floor surface. This general condition was aggravated greatly in spots because the sweating resulted in gummed tax labels slipping off onto the floor. The labels, pursuant to law, had to be affixed on the beer barrels when they left the warehouse. Picking the labels off the floor and replacing them on the kegs left a residue of glue on the floor which, mixed with the water, created an extremely dangerous condition.

When the plaintiff arrived at the cooler there was another, experienced, fellow employee of the trucking company already loading the kegs. He told plaintiff, upon the latter's arrival, "Be careful, the floor is slippery." He then instructed plaintiff on his duties and resumed his own work. About twenty minutes later after plaintiff had successfully lifted four or five kegs onto the conveyor, he slipped in the course of lifting one of the 160 pound barrels, thereby seriously injuring himself.

There is no merit to appellant's contentions that plaintiff, as a matter of law, assumed the risk of his surroundings or that he was contributorily negligent. The Connecticut cases assert that assumption of the risk is an effective defense only if the injured

Philip Baroff, Bridgeport, Conn. (Sigmund L. Miller, Bridgeport, Conn., on the brief), for plaintiff-appellee.

Morris Tyler, New Haven, Conn. (Peter C. Dorsey, New Haven, Conn., on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, and CLARK and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Plaintiff Anthony Csizmadia, was injured when he fell, while loading a very heavy beer barrel, on a slick gummy floor in the warehouse cooler room of defendant, P. Ballantine & Sons. Defendant appeals from an adverse verdict and from denial of motion to set aside the verdict and for new trial, claiming that

party fully comprehended the nature and extent of the danger. Dean v. Hershowitz, 1935, 119 Conn. 398, 177 A. 262; Pall v. Pall, 1950, 137 Conn. 347, 77 A.2d 345. Under the circumstances of the present case, that question was surely a proper one for the jury, especially in view of the evidence of the "hidden danger" inherent in the slick patches of wet glue. The same reasoning applies to the defense of contributory negligence. The fact that plaintiff began to work in the cooler room is not necessarily, by itself, a sign of negligence. Although he knew that the floor was "slippery," the full extent of the danger may not have been brought home to him. Furthermore, he had before him the example of an experienced fellow employee who had worked and was working in that very cooler room with no apparent ill effects. Finally, defendant has offered absolutely no evidence to show that plaintiff carried on his work on the slippery floor in a negligent manner. The question of contributory negligence was for the jury and its finding is clearly supportable on the record. See Newell v. K. & D. Jewelry Co., 1935, 119 Conn. 332, 176 A. 405; Feir v. Town and City of Hartford, 1954, 141 Conn. 459, 106 A.2d 723.

Defendant further contends that under Connecticut law a warning of the danger is all that is necessary to discharge a landowner's duty of due care to a business visitor. The Restatement of Torts, § 343, and Laube v. Stevenson, 1951, 137 Conn. 469, 78 A.2d 693, 25 A.L.R. 592, are cited in support of this proposition. The Restatement adopts the traditional common law rule that a landowner's duty to a business visitor is fulfilled either by correcting the dangerous defect or by giving warning. Although in the Stevenson case the Con-

necticut Supreme Court of Errors followed the Restatement categorization of a social guest as a licensee, that court has never squarely adopted the restrictive view of the landowner's duty to a business visitor.

To the contrary, Connecticut has embraced the more modern trend of opinion which at least partially rejects the extremely favored position of the landowner in the law of torts.[1] Only two weeks after the decision in Laube v. Stevenson, supra, the Supreme Court of Errors in Reboni v. Case Bros., 1951, 137 Conn. 501, 78 A.2d 887, clearly held that warning does not necessarily discharge the duty of due care. There, two employees of a general contractor were burned by electrocution upon close approach of a crane with which they were working to high tension wires while doing aerial work above defendant's factory yard. There was evidence that one of the plaintiffs not only was familiar with the danger of working near "hot" wires, but he had been warned of the danger and, indeed, had had personal experience with these wires in the past. The court, however, pointed to the extremely dangerous condition and held that the jury was warranted in finding that something more than a warning was required to discharge defendant's obligation to the plaintiffs.

 The Reboni case, rather than any tortuous innuendo drawn from Laube v. Stevenson, correctly represents Connecticut law on this point. Even if the law were clear, however, that a "warning" did discharge the landowner's duty, there would still be a jury question as to whether the specific warning here given was sufficient in light of the hidden danger represented by the glue spots. Because, as Judge Hincks has

1. "It would be surprising * * * if the general trend over the last one hundred years toward wider accident liability had left the land occupier's citadel untouched. It has not. The tendency of the law, here as elsewhere, has been towards an ever fuller application of the requirement of reasonable care under all the circumstances, and this tendency has included something of the leavening which has taken place generally within the negligence principle itself so as to make it approach a system of liability without fault." Harper & James, The Law of Torts, § 27.1, p. 1432.

pointed out, defendant was given a charge more favorable than it deserved, this was specifically the question submitted to the jury; even on this point, the jury decided for the plaintiff.

Judgment is affirmed.