JUDSON NALLY *v.* CARL M. CHARBONNEAU ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued April 3—decision released July 1, 1975

*Snow Gene Munford,* for the appellant (plaintiff).

*John J. Reid,* with whom was *Stephen M. Riley,* for the appellees (defendants).

LONGO, J. The plaintiff, Judson Nally, manager of a service station in Manchester, brought this action to recover damages for personal injuries sustained when he was struck by an automobile operated by the defendant Carl M. Charbonneau and owned by his mother, the defendant Lois M. Charbonneau, claiming negligence on the part of the defendant operator. The defendants denied negligence and pleaded special defenses of assumption of risk and contributory negligence. The plaintiff has appealed from the verdict and judgment in favor of the defendants. Error is assigned in a ruling on evidence, in the court's charge, and in the court's denial of the plaintiff's motion to set aside the verdict.

The plaintiff attacks the court's charge to the jury, claiming error in the charge with respect to the special defenses of contributory negligence and assumption of risk, and also in the court's refusal to charge in accordance with certain of the plaintiff's requests. The correctness of the charge is tested by the claims of proof of the parties. Practice Book § 635; *Bell* v. *Bihary,* 168 Conn. 269, 271, 362 A.2d 963; Maltbie, Conn. App. Proc. § 145.

The defendants claimed to have proved the following facts: At the time of the accident in 1965, the defendant Carl M. Charbonneau, hereinafter the defendant, would occasionally work for the plaintiff at a service station, and they had a good working relationship. On the day of the accident, the brakes on the defendant's vehicle began to fail as the

defendant left the driveway of his home. He thereupon drove the vehicle in first gear to the plaintiff's service station, where he stopped the car by turning off the ignition and letting the compression bring the vehicle to a halt. The defendant explained to the plaintiff that his brakes were low, that he had a leak in them and that he was using his emergency brake to stop; this indicated to the plaintiff that the defendant's vehicle had practically no brakes. In response to the defendant's request for help, the plaintiff looked at the braking system while the car was in the station yard. The defendant told the plaintiff that he would use the center bay rather than the first one for the purpose of fixing his brakes. The plaintiff asked the defendant to bring the car into the center bay. When the defendant started driving into the center bay, the plaintiff was standing against the wall at the center bay, directing the defendant forward. The plaintiff came across in front and stopped in front of the car while it was still moving forward. By the time the plaintiff arrived at the center bay, the defendant was getting close to the tire stop. After the plaintiff reached the point in front of the car on the driver's side, he did not thereafter move. He could have taken one or two steps further to the left of the car and not have been in front of the car and would have been closer to the driver to tell him to back out. The plaintiff was standing in front of the car not more than two or three seconds.

The plaintiff claims to have proved certain additional facts: The defendant was not driving into the first bay, as he had been instructed, but instead was entering the center bay. The plaintiff called to the defendant to stop, but apparently the defendant did not hear him. The plaintiff then walked

over to the safety zone which is located beyond the bay's tire stop or tire bump. The safety aisle and safety zone is used by hundreds of people and customers while a car is on a lift. There had been no other instance of a car going through the end of the lift, past the safety zone and into the wall, even with cars that had no brakes, although thousands of cars had driven onto the lift in the past. While the plaintiff was in the safety zone, he was waving to the defendant to stop or to go back when suddenly the car jumped forward and pinned the plaintiff against the garage wall where he was standing. The plaintiff had no chance to move or jump out of the way, as he had no warning or indication that the car was going to accelerate and jump forward. Had the defendant jammed the transmission, pulled up the hand brake and shut off the ignition, he could have stopped the car as it was barely crawling into the center bay.

The defense of assumption of risk is applicable when a person knows or as a reasonable person should know that in pursuing a certain course he will expose himself to the risk of injury, comprehends or ought as a reasonable person to comprehend the nature and extent of the risk and voluntarily subjects himself to it. He thus assumes the risk and cannot recover damages resulting from it. *Meyers* v. *Paro Realty & Mortgage Co.,* 128 Conn. 249, 251. 21 A.2d 379; *Hassett* v. *Palmer,* 126 Conn. 468, 477, 12 A.2d 646; Restatement, 2 Torts § 463. The plaintiff may not foresee the exact manner by which injury may ensue but he must know and comprehend that the peril exists.

The jury could reasonably have concluded from the evidence as indicated in the claims of proof that the information imparted to the plaintiff by

the defendant, together with the plaintiff's inspection of the braking system, furnished him with sufficient knowledge to conclude that the car was practically without a braking system. This knowledge, coupled with the action of the plaintiff in positioning himself directly in front of the moving and brakeless car with his back to the wall, presented the jury with the important question of whether the plaintiff's actions indicated an assumption of risk or such a lack of due care for his own safety that they constituted contributory negligence. *Petrizzo* v. *Commercial Contractors Corporation*, 152 Conn. 491, 500, 208 A.2d 748.

The plaintiff next claims that the court was in error in refusing to charge the jury on what he referred to as "The Three Postulates of Negligence," in accordance with his request to charge. The "postulates," in brief, relate to the assumptions that (1) persons will normally do others no injury; (2) persons will act with due care; and (3) persons who maintain conditions that are likely to get out of control will restrain them or keep them under proper control.[1]  In examining the court's instruc-

---

[1] "1st Postulate — In a civilized society, men must be able to assume that others will normally do them no injury. We assume others will not injure us. The Savage must move stealthily, avoid the skyline and go armed. The civilized man moves openly among his fellow men and unarmed, going about his business. This postulate is the foundation of the economic order in civilized society.

"2nd Postulate — In a civilized society, men must be able to assume that their fellow men when they are in a course of conduct will act with due care so as not to impose an unreasonable risk of injury upon us. This postulate is the business of our doctrine of negligence and the greater the danger the greater the degree of due care that is required.

"3rd Postulate — Men can assume that others who keep things and maintain conditions that are likely to get out of hand and do damage will restrain them or keep them in proper bounds and under proper control."

tions to the jury on negligence as set forth in the finding, we find that the subject-matter enunciated in the postulates was essentially contained in the charge on negligence as it applied to the conduct of the defendant and to the special defenses as they applied to the plaintiff himself. The charge on negligence and contributory negligence was complete and accurate. It encompassed an explanation of the assumptions contained in the postulates on which the plaintiff requested the court to charge, in language which this court has consistently approved. "Extensive, intricate, abstract requests to charge in the language of a law review article . . . do not necessarily follow our rule that the jury be given an understandable criterion of the legal principles involved and their application to the facts and the claims of the parties, because the charge as a whole must be considered from the standpoint of its effect on the jury in giving them practical guidance in reaching a correct verdict." *Hally* v. *Hospital of St. Raphael,* 162 Conn. 352, 360, 294 A.2d 305; *Berniere* v. *Kripps,* 157 Conn. 356, 358, 254 A.2d 496.

Error cannot be predicated on a failure to adopt the particular language of a request to charge where the matter is adequately and fairly covered in the charge. *Hally* v. *Hospital of St. Raphael,* supra, 361. Although it would not have been considered error if the court had charged as requested, in addition to the charge as given by the court, the trial court committed no reversible error in refusing to charge on the "three postulates of negligence." The court performs its duty when its instructions are calculated "to give the jury a clear comprehension of the issues presented for their determination under the pleadings and upon the evidence,

and suited to their guidance in the determination of those issues." *Radwick* v. *Goldstein,* 90 Conn. 701, 706, 98 A. 583; *Doe* v. *Saracyn Corporation,* 138 Conn. 69, 75, 82 A.2d 811.

The plaintiff further assigns error in that the court sustained the defendant's objection to a question asked in the plaintiff's cross-examination of the defendant, claiming that he was deprived of a fair and full opportunity to cross-examine. The plaintiff was examining the defendant on his ability to stop his automobile when the occasion demanded. To show the extent of his knowledge of the exact stopping power, the defendant testified that the hand brake was not in the best condition, and that he was using only the hand brake going down a hill as he was driving to the garage. The defendant was then asked the following question: "[I]f somebody had walked out in front of you or some little kid had run out in front of you, you would have had to use the hand brake to stop your car, wouldn't you?" The court excluded the question upon objection by the defendant. The question was hypothetical. "The determination of the admissibility of a hypothetical question calls for the exercise of discretion as to whether the question (1) presents facts in their true relationship to each other and to the whole evidence, (2) is not so worded as to mislead or confuse the jury, and (3) is not lacking in essential facts as to be without value in the decision of the case." Holden & Daly, Connecticut Evidence § 121 (a); *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 665, 666, 136 A.2d 918. There is no indication that the question had any relationship to the evidence in the case. "As a general rule, the extent of a cross-examination is much in the discretion of the judge, yet it should be liberally allowed. *Papa*

v. *Youngstrom,* 146 Conn. 37, 40, 147 A.2d 494; *Fahey* v. *Clark,* 125 Conn. 44, 46, 47, 3 A.2d 313. The cross questioning must be relevant and its limitation is within the discretion of the court, especially if the subject is remote to the main issue. *Conley* v. *Board of Education,* 143 Conn. 488, 495, 123 A.2d 747; *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 675, 103 A.2d 535." *Kukanskis* v. *Jasut,* 169 Conn. 29, 37, 362 A.2d 499. Since the question was not relevant and was properly characterized by the court as calling for conjecture, it was properly excluded.

Finally, the plaintiff assigns error in the refusal of the court to set aside the verdict as not supported by the law and the evidence on the issue of liability. A general verdict, such as the verdict at issue in favor of the defendant, imports that all issues submitted to the jury were found in his favor. If the jury could reasonably have found for the defendant on the issue of negligence, this would suffice to support the verdict. *Kelly* v. *Bliss,* 160 Conn. 128, 130, 273 A.2d 873. In viewing the action of the trial court in denying the plaintiff's motion to set aside the verdict, we consider the evidence most favorable to the sustaining of the verdict. *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 499, 208 A.2d 748; Maltbie, Conn. App. Proc. § 189. The refusal of the trial court, which saw and heard the parties, to disturb the verdict is entitled to weighty consideration in this court. *Kelly* v. *Bliss,* supra, 131. The court's action is tested by the evidence contained in the appendices to the briefs. *Guglielmo* v. *Klausner Supply Co.,* 158 Conn. 308, 320, 259 A.2d 608. The jury could reasonably have found from the evidence offered that the plaintiff's knowledge of the condition of the

braking system, and his action in positioning himself directly in front of the moving car with his back to the wall, was such a lack of due care for his own safety as to constitute contributory negligence on his part. The court properly denied the motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.