**Galen KELLY and Helga Kelly**

v.

**DEERE & COMPANY.**

**Civ. No. H–85–564 (JAC).**

United States District Court, D. Connecticut.

Jan. 28, 1986.

M. Katherine Webster-O'Keefe, Cohen & Kessler, New Milford, Conn., for plaintiffs.

James G. Geanuracos, Jeffrey L. Williams, Joseph F. Skelley, Jr., Skelley, Clifford, Vinkels, Williams & Rottner, P.C., Hartford, Conn., for defendants.

**1.** Rule 12(f), Fed.R.Civ.P., provides, in pertinent part, that "the court may order stricken from any pleading any insufficient defense."

**2.** A defendant may also state a valid defense to a product liability claim by alleging "misuse of

## RULING ON MOTION TO STRIKE

JOSÉ A. CABRANES, District Judge:

This matter is before the court on the plaintiffs' motion to strike the defendant's fourth special defense to the first and second counts of the complaint.

The defendants contends in its fourth special defense that

> [p]laintiff intentionally operated the wood splitter in the manner which it was operated on the date of his injury, and thereby assumed the risk of sustaining the injuries of which he complained.

See Answer (filed Nov. 25, 1985) at 3, 4. The plaintiffs seek to strike this defense, pursuant to Rule 12(f), Fed.R.Civ.P.,[1] on the ground that "assumption of risk is not a viable defense to a product liability action under the Connecticut Product Liability Law." *See* Motion to Strike (filed Dec. 11, 1985) at 1.

The Connecticut Product Liability Act, C.G.S. § 52–572m *et seq.* ("the Act), while providing that contributory or comparative negligence shall not constitute a defense to a product liability claim, states that "nothing in this section shall be construed as barring ... the defense of knowingly using the product in a defective condition." C.G.S. § 52–572*l*.[2]

▮ This defense is narrower than the common-law defense of assumption of the risk, which bars recovery

> when a person knows *or as a reasonable person should know* that in pursuing a certain course he will expose himself to the risk of injury, comprehends *or ought as a reasonable person to comprehend* the nature and extent of the risk and voluntarily subjects himself to it.

*Nally v. Charbonneau,* 169 Conn. 50, 53, 362 A.2d 494 (1975) (emphasis added). The defendant does not suggest, much less offer any evidence of, a legislative intent to

the product" by the plaintiff. C.G.S. § 52–572*l*. The defendant has already alleged product misuse as its second special defense to the first and second counts of the complaint.

deny recovery under the Act to plaintiffs who had no actual knowledge of product defects but who reasonably should have possessed such knowledge. Indeed, a contrary intent is indicated by the express statutory language providing a defense against "knowing" use of a defective product and eliminating the defenses of contributory and comparative negligence in product liability actions.

Furthermore, a frequent commentator on the Act has adopted the view that the defense of assumption of the risk applies only to plaintiffs who knowingly used a defective product:

> As a general rule, there must be a voluntary acceptance of a known risk by the claimant before the defense of assumption of risk will apply. The defense must establish not only that the claimant knew of the risk, but also that the claimant appreciated the risk and nevertheless voluntarily proceeded to encounter it.... [T]he standard of the reasonably prudent person has little relevance in determining whether the defense of assumption of risk applies.

Yules, *Defenses in a Connecticut Product Liability Case*, 57 Conn.B.J. 441, 447–448 (1983) (footnotes omitted).

■ The fourth special defense does not allege that one or both of the plaintiffs knew of the alleged defect in the defendant's wood splitter at the time of the events that gave rise to this lawsuit. Instead, the special defense states merely that the plaintiffs used the product "intentionally." Accordingly, the plaintiffs' motion to strike the fourth special defense is granted without prejudice to the defendant's amending its answer to allege knowing use of a defective product by one or both of the plaintiffs.[3]

It is so ordered.

3. A commentator on the Act has suggested the following model special defense on the issue of assumption of the risk:

> If the plaintiff sustained the injuries and damages as alleged, then said injuries and damages resulted from the plaintiff('s/s') knowing and voluntary assumption of the risk in using the product.

Yules, *Defenses in a Connecticut Product Liability Case*, 57 Conn.B.J. 441, 469 (1983).