[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE VERDICT AND FOR A NEW TRIAL
The plaintiff, pursuant to Section 320 of the Practice Book has moved to set aside the jury verdict in favor of the defendant and has further moved for a new trial. The plaintiff contends that: CT Page 3077
1. the verdict is contrary to law;
2. the verdict is against the evidence;
3. the verdict is inadequate.
The plaintiff's brief only addresses the question of whether the verdict is against the evidence. The balance of the Motion is deemed to have been abandoned.
The plaintiff argues that new evidence was discovered in another file in her attorney's office in the form of a check application card allegedly given to another client similar to plaintiff's Exhibit "C" in the subject matter as evidence that an accident had occurred and had been reported to the manager of the store. The effect of this new evidence, plaintiff contends, would damage the credibility of Dan Reale, the present manager of defendant's supermarket who testified as to the procedure to be followed when a customer is injured in the store. Whether the so-called new evidence would accomplish this objective is highly speculative.
Plaintiff brought this action seeking compensation for personal injuries she allegedly suffered from a fall while shopping Edward's Supermarket on Kane Street in the Town of West Hartford owned by the defendant. The plaintiff claimed that her injuries were caused by the negligence of the defendant's agents in not keeping the floor of the store cleaned of grapes and water upon which she allegedly slipped. The defendant denied that it was negligent in any of the ways alleged in the complaint and filed a special defense of contributory negligence by the plaintiff.
The jury returned a general verdict in favor of the defendant. No interrogatories were submitted to the jury because of the plaintiff's successful opposition to the defendant's request for interrogatories.
The plaintiff's chief argument in her brief concerns plaintiff's Exhibit "C". This document is on a card entitled "Edwards Check Application Card" on which is written the plaintiff's name and a description of the accident. The plaintiff alleges that the writing on the card was by a person identifying himself as the store manager. A witness for the defendant testified that no accident claim was filed in this case.
Several days after the jury verdict for the defendant, plaintiff's counsel found in the file of another case in his office a similar "Edward's check application card" on which appeared a signature and telephone number purported to be of CT Page 3078 the manager of the supermarket. The plaintiff requests a supplemental hearing to determine if the handwriting on the plaintiff's Exhibit "C" and that of the document in the other case are comparable. The purpose is to test the credibility of one of the defendant's witnesses, Dan Reale. This request is not only unusual, but even if the handwriting on plaintiff's Exhibit "C" was identified, it is unlikely that it would have any effect on the verdict.
A general verdict, such as this one, imports that all issues submitted to the jury were found in its favor. Finley v. Aetna, 202 Conn. 190, 202. For example, the jury could reasonably have found that the defendant had no notice, either actual of constructive, of the alleged defect (grapes and water making a slippery floor) as the plaintiff (the sole witness on this issue) could not present any evidence as to the length of time the defect had been on the floor. The jury could also have reasonably found that the plaintiff herself was negligent as alleged in the special defense of the defendant. This would suffice to support the verdict. Nally v. Charbonneau, 169 Conn. 50, 57.
In determining a motion to set aside the verdict, the court must consider the evidence most favorable to sustaining the verdict. Petrizzo v. Commercial Contractors Corporation,152 Conn. 491, 499.
The jury could reasonably arrive at this verdict regardless of whether the so-called "new evidence" had been presented in evidence.
For these reasons, the plaintiff's Motion to Set Aside the Verdict and for a New Trial is overruled and DENIED.
HAROLD M. MISSAL, STATE TRIAL REFEREE