CHARLES H. MITCHELL *vs.* THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY.

First Judicial District, Hartford, January Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

Since 1879 telephone companies have had legislative authority to construct and operate lines upon the highways of this State, coupled with an obligation to pay all damages sustained by any one by reason of such construction and operation.

The taking of land by a telephone company for the construction and operation of its lines, is not a taking for a private purpose.

A telephone company is under no obligation to have damages assessed in favor of an adjoining landowner, if the latter consents to the location of the poles and wires in front of his premises; and therefore in a suit by the landowner to restrain the company from using its line, upon the ground that it wrongfully failed to have the damages assessed beforehand, the complaint is insufficient and demurrable unless it avers that the landowner's consent was not obtained.

The mere continuance and use of a telephone line in the highway in front of the plaintiff's premises, does not—in the absence of any allegations of peculiar hardship or injury, present or prospective—disclose a case of irreparable damage, nor call for injunctive relief.

Mitchell *v.* Southern New England Telephone Co.

Moreover, the statute (§ 3907) affords the landowner a full and adequate remedy in such case, through an assessment of damages upon his application to any judge of the Superior Court.

A court of equity will not grant an injunction to restrain a private wrong which is susceptible of other remedy, when the issue of such an order would inflict a far greater loss and injury upon the public as well as upon the defendant.

Argued January 5th—decided March 15th, 1916.

ACTION to restrain the defendant from using a telephone line in front of the plaintiff's premises which was alleged to have been constructed without legal authority and without payment to the plaintiff for 'the taking of his property, and also for a mandatory injunction requiring the defendant to remove such line, and for $100 damages, brought to the Superior Court in Hartford County, where the defendant's demurrer to the complaint was sustained (*Burpee, J.*) and, upon refusal of the plaintiff to amend his complaint, judgment was rendered for the defendant, from which the plaintiff appealed. *No error.*

The complaint in this action against the Southern New England Telephone Company, after alleging ownership by the plaintiff of a tract of land with a frontage of fifty feet on Lincoln Street, a public highway in New Britain laid out in 1886, and of land within the highway along this frontage, avers that the defendant and the American Telephone and Telegraph Company have constructed and utilize within the highway in front of the plaintiff's land a telephone line for the transmission of messages by wire, consisting of overhead telegraph wires and cables; that these companies have no legislative authority to construct and operate said line, and that, if they have such authority, it is one for the taking of land for private use; that it contains no provision for compensation for the taking of a right of way over the plaintiff's land; and

that they have wrongfully failed to have the damage to plaintiff's premises assessed and paid before the construction and operation of said line.

*Emil J. Danberg*, for the appellant (plaintiff).

*William F. Henney*, for the appellee (defendant).

PRENTICE, C. J.   The Southern New England Telephone Company is the only defendant.   The allegations of the complaint that the American Telephone and Telegraph Company were and are participating in the wrongful acts charged against the defendant, or were and are engaged in acts similar in kind to the defendant's, are wholly immaterial, in the absence of an averment of some relation between them, and they have no rightful place in it.   It should be read as charging the defendant with the acts complained of as wrongful.

The acts thus complained of are that it has constructed and is utilizing, for the transmission of messages, the wires and cable of a telephone line suspended over and along the highway in front of the plaintiff's premises.   When this construction took place is not alleged.

These acts of construction and operation are averred to have been and to be unlawful, for the reasons: (1) that the company has no legislative authority therefor; (2) that if it possesses such authority, it is one for the taking of land for private use; (3) that such authority contains no provision for compensation for the taking of a right of way over the plaintiff's land; and (4) that the defendant wrongfully failed to have the damages to the plaintiff's premises assessed and paid before the construction and operation of the line.

The two alleged reasons, that the defendant has no

legislative authority to construct and operate the line, and that, if so, that authority contains no provision for the payment of compensation for the taking of the right of way therefor over the plaintiff's land within the highway, are effectually negatived by the provisions of statutes antedating the layout of the highway in question, of which statutes the courts take judicial notice. General Statutes, §§ 3903, 3907; Id. (1888) §§ 3944, 3948; Revision of 1875, p. 341, Part X, §§ 1, 5; Public Acts of 1879, Chap. 36, p. 381.

The allegation that any authority the defendant may have to take land for its uses is one for a taking for a private use, is the assertion of an unsound legal proposition. *New York, N. H. & H. R. Co.'s Appeal*, 80 Conn. 623, 629, 70 Atl. 26.

The remaining allegation, that the defendant wrongfully failed to have the damages to the plaintiff's land, by reason of the construction and operation of the line in front of it, assessed and paid before construction, is insufficient to show that the defendant's acts have been or are in violation of the plaintiff's rights, in the absence of an allegation that the consent of the owner was not obtained. If that consent was given, the company was not called upon to condemn. The demurrer to the complaint was, therefore, properly sustained.

The demurrer to the prayers for equitable relief was well made. Following a demand for legal relief by way of damages in the amount of $100, the plaintiff asks equitable relief (1) by way of an injunction restraining the defendant, its successors and assigns, from using the lines in front of the plaintiff's property, and (2) by way of a mandatory order directing the removal of them.

Did the complaint show an invasion of the plaintiff's rights, the situation would not be one where the equitable relief prayed for could properly be granted. In

the first place, it is not shown that the damages to be anticipated in the future by the continuance of these lines and their use would be irreparable. *Enfield Toll Bridge Co.* v. *Connecticut River Co.*, 7 Conn. 28, 50; *Whittlesey* v. *Hartford, P. & F. R. Co.*, 23 Conn. 421, 433. Again, the law affords other full and adequate remedy, as, for instance, in the provisions of § 3907 of the General Statutes, entitling landowners, in such cases, to have damages assessed and satisfied upon application to any judge of the Superior Court. Still again, the harm which would be done and loss incurred and inconvenience suffered to and by the public, as well as the defendant, would be so out of proportion to the injury to the plaintiff by the continuance of the present conditions that it would be an unwarranted exercise of the equitable powers of a court to occasion the greater evils in the attempt to correct the infinitely smaller wrong which might otherwise be redressed and remedied. *Enfield Toll Bridge Co.* v. *Connecticut River Co.*, 7 Conn. 28, 50; *Whittlesey* v. *Hartford, P. & F. R. Co.*, 23 Conn. 421, 433; *Hawley* v. *Beardsley*, 47 Conn. 571, 573; *Fisk* v. *Hartford*, 70 Conn. 720, 732, 40 Atl. 906.

There is no error.

In this opinion the other judges concurred.