CHARLES H. MITCHELL vs. THE SOUTHERN NEW ENG-
LAND TELEPHONE COMPANY.

First Judicial District, Hartford, May Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

In an action in the nature of trespass to recover damages for maintain-
ing and operating a telephone system in the highway in front of
the plaintiff's premises, the complaint is demurrable if it fails
to allege the nonconsent of the person who owned the land at the
time the wires and poles were erected; since the consent of the then
owner precludes the erection from constituting an invasion of his
rights, and thereafter both he and his successor in title are remitted
to the remedy prescribed in § 3907 of the General Statutes, and
cannot maintain an action at law for trespass.

Argued May 7th—decided May 28th, 1918.

ACTION to recover damages for maintaining and
operating a telephone system in the highway in front
of the adjoining premises of the plaintiff, without
his consent, brought to the City Court of New Britain
and thence by the plaintiff's appeal to the Court of
Common Pleas in Hartford County, where a demurrer
to the complaint was sustained (*Smith, J.*), and upon
the refusal of the plaintiff to amend his complaint
judgment was rendered for the defendant, from which
the plaintiff appealed. *No error*.

The complaint alleges, in substance, that on Sep-
tember 14th, 1914, the plaintiff became the owner of a
tract of land situated upon the west side of and adjoin-
ing Lincoln Street in New Britain, the same being de-
scribed in the deed to him as having as its east bound-
ary the west line of the street; that he thereupon entered
into possession of the premises and has since continued
the owner in possession thereof; that by virtue of this
conveyance and ownership he became and still is the

owner of the fee in that part of the highway which adjoins the tract conveyed to him, such portion extending along his whole front and having an undefined width; that seven years prior to his acquisition of the land the defendant, in the construction of a portion of its telephone system, strung its wires along and over the highway in front of the land the plaintiff now owns and along and over that portion of it whose fee is in the plaintiff by virtue of his adjoining ownership; that since that time the defendant has maintained the wires so located and continually used them in the conduct of its telephone business, and that it has so maintained and used them since the conveyance to the plaintiff and is now so maintaining them and using them without his consent. There is no allegation that the wires were unlawfully strung, or that the then landowner or county commissioners did not give consent to their being placed where they were and are. The only allegation touching consent is that above stated.

It also appears by the complaint that the defendant, under a contract with the plaintiff, has, during the whole period of his ownership of the premises, supplied him at his dwelling thereon with its service for hire.

*Charles H. Mitchell*, for the appellant (plaintiff).

*William F. Henney*, for the appellee (defendant).

PRENTICE, C. J. Six grounds of demurrer are alleged, of which four are quite independent of each other. As the one first stated is sufficient to justify the action of the court in adjudging the complaint inadequate as a statement of a cause of action, it is unnecessary to notice either of the others. That one charges that the complaint is insufficient since it does not allege that consent was not given by any of the

plaintiff's predecessors in title, but only that he has not given his consent.

It appears by the complaint that the wires in question are located within the limits of the highway and were placed where they now are seven years before the plaintiff acquired title to the premises he now owns. They were so placed in pursuance of legislative authority given to the defendant as a telephone company to construct and maintain telephone lines upon any highway.. General Statutes, § 3903. If, in addition, the defendant's location and erection of them was with the consent of the then adjoining landowner, there was in that action, regardless of any statute, no invasion of his rights. Its entry upon the land and construction thereon of its lines of wire was not unlawful. If it be assumed that the consent given amounted to nothing more than a revocable license, no act of revocation appears. But that is not all. In so far as the maintenance of the lines subsequent to their erection is concerned, whether during the ownership of the consenting landowner or during that of his successors in title, our statutes regulating the general subject of the location, construction and maintenance of telegraph and telephone lines and the redress to be obtained by aggrieved landowners, have large importance. General Statutes, §§ 3903–3907; Public Acts of 1917, Chap. 310. An examination of them makes it evident that it was the legislative purpose to place telegraph and telephone lines, located and erected with the consent of adjoining landowners, in the same position as that occupied by those located and erected upon the consent of the public utilities commission, and to give to the former consent the same force and effect as that attached to the latter, in that in neither case might the company be sued in an action at law for trespass. Consent in either form having been obtained, any claim

for damages then or thereafter suffered by the land-owner, whether arising from the imposition of an additional servitude or from a direct injury to his adjoining property, is left to be pursued in the manner provided in § 3907. The plaintiff's complaint, therefore, which alleges no more than that the plaintiff has not during his period of ownership consented to the maintenance and operation of the wires, is insufficient. See *Mitchell* v. *Southern New England Telephone Co.*, 90 Conn. 179, 182, 96 Atl. 966.

There is no error.

In this opinion the other judges concurred.