## WILLIAM F. O'CONNOR
*vs.*
## UNITED CASUALTY CO. ET AL.

Superior Court      Hartford County      File No. 63086

MEMORANDUM FILED JULY 6, 1940

*Joseph P. Cooney*, of Hartford, for the Plaintiff.
*Spellacy & Yeomans*, of Hartford, for the Defendants.

INGLIS, J.  This is a motion to dissolve a temporary injunc-
tion issued *ex parte* by Hon. Frank P. McEvoy on June 27,
1940, restraining the defendant, The Mutual Benefit Health
and Accident Association, hereinafter referred to as the
Association, from soliciting renewals of policies of hospital
expense insurance which had been issued by the named defend-
ant, hereinafter referred to as the Company, and sold by the
plaintiff as agent for the Company.  It appears that the Com-
pany having gotten into financial difficulties entered into an
agreement with the Association on June 18, 1940, whereby the
Association took all of the Company's hospital expense insur-
ance business together with the good will thereof as of July
1, 1940, and assumed all of the Company's liability to its
policyholders in that line of business but not its liability under
any agency contract.  The plaintiff had sold a large number of
policies in the Company upon which he would have received
renewal commissions, and now seeks to retain the good will of
his business so built up to the end that he may solicit and sell
to those same policyholders similar policies in other insurance
companies and thereby earn new commissions.  The Association
on the other hand intends to notify the policyholders that it
has taken over the business and that renewal premiums on the
policies should be paid to it directly or through its agents.

It is fundamental that a temporary injunction should not
issue where the right which the plaintiff seeks to have protected
is in doubt, where the right to the relief is in doubt or except
in a clear case of right.  This is particularly true when the
effect of the injunction is not merely to keep matters in *statu
quo*.  32 C.J. Injunctions §16.  The injunction in this case

clearly does not operate to keep matters in *statu quo*. If the Association is prohibited from notifying the policyholders as to how they may pay their renewal premiums and indeed from accepting payments of those premiums, the policies of course will lapse, and the Association will lose whatever good will it acquired from the Company. This will produce a decided change in the present situation. The first question, therefore, is as to whether the plaintiff has a clear right which will entitle him to a permanent injunction at the end of the case.

On this issue the first question is as to whether the plaintiff is the owner of the good will which he seeks to protect in this action. After all, in soliciting the business, he was acting as the agent of the Company. Ordinarily good will built up by an agent belongs to his principal. It is of course true that it has been held in some cases involving fire insurance agents that by custom, because such agents are free to place business in any number of insurance companies, their business is their own to the extent that they would not be enjoined from using information obtained in connection with the issuance of policies by one company for their own benefit in soliciting business for a competing company. This rule applies however only when there is nothing in the agency contract to the contrary. *Port Investment Co. vs. Oregon Mutual Fire Ins. Co.*, 163 Or. 1; 94 Pac. (2d) 734, 124 A.L.R. 1342; Anno. 124 A.L.R. 1355.

In the present case by the agency contract entered into between the plaintiff and the Company on February 6, 1939, the plaintiff was appointed the "General Agent" of the Company and it was agreed that: "The Agent shall devote his best energies to the interests of the Company in developing and maintaining its business in the said territory...." Under such a contract it is at least doubtful that the good will of the business which he built up belonged to him. It is more probable that it belonged to the Company. And, if it is true that he was not the owner of the good will of the business, it is apparent that he has no right upon which to base this action against the Association.

In the second place, whether he was the owner of some good will or not, it is perfectly plain that the Company owned the good will of its business which attached by reason of certain persons having bought its policies. If an insurance company once issues a policy to a policyholder, it is to be expected in the very nature of things that the policyholder will be apt to

continue to renew that policy by paying the premiums thereon when they fall due rather than take out a new policy. That is particularly true in hospital expense insurance where policies generally provide for a waiting period varying from 30 days to ten months after the policy is first issued before benefits are payable. If the Company was the owner of good will by reason of the fact that it had issued policies, it had a right to assign that good will with the business to the Association. The Association had a right to acquire it. It follows that the Association has a right having so acquired the good will to at least notify the policyholders that it has taken over the liability of the Company on the policies and solicit the payment of renewal premiums thereon. In doing that, it is clear, that it will not violate any duty which it owes to the plaintiff. So long as the Association does nothing nor threatens to do anything which violates some duty which it owes to the plaintiff he has no cause of action against it and certainly is not entitled to a temporary injunction against it.

In the third place, it is clear that whatever cause of action the plaintiff has in this case is based on his contract with the Company. That contract provides for its termination on 30 days' notice and further provides that in the event of termination by the Company the plaintiff shall be entitled to receive the renewal commissions on the policies sold by him for one year. The measure of his damages for the breach or termination of his contract, therefore, under the circumstances as they are in this case, is limited by the contract. Although there may be some difficulty in ascertaining the amount of those damages, they are ascertainable, and they provide for him an adequate remedy at law. For that reason also it cannot be said that it is clear that in this case the plaintiff will be entitled to a permanent injunction.

For the foregoing reasons it appears that the plaintiff is not clearly entitled to a permanent injunction in this case and, therefore, the temporary injunction should not be allowed to stand. There is still another reason and that is that the injunction will involve the probability of injury to the public.

It is well established that where the harm which will be done and loss and inconvenience suffered to and by the public by reason of an injunction would be greater and out of proportion to the injury to the plaintiff by the continuance of present conditions, then it would be an unwarranted exercise of the

equitable powers of the court to issue the injunction. *Mitchell vs. Southern New England Telephone Co.*, 90 Conn. 179, 183. In the present case it appears that there are upwards of 5,000 policies of hospital expense insurance outstanding and involved in the controversy. If the renewal premiums on those policies are not paid to the Association, the policies will lapse. Although the plaintiff states that he in a position to place that insurance in another company in such a way that the ordinary 30-day waiting period on such new insurance before benefits become payable would be waived there is no definite assurance to that effect. And in any event there is no proposal to waive the other waiting periods ordinarily provided in such policies such as the six months for hernia and appendicitis cases and ten months for pregnancy. Accordingly, it is clear that if the policies which the Association has taken over are allowed to lapse the large number of policy holders will be very materially prejudiced and nothing can be done by the plaintiff to prevent that injury.

If the Association is prevented by the continuance of the injunction from even notifying the policyholders as to where or how the renewal premiums may be paid and from accepting payment of such renewal premiums and, as a necessary result, all of such policies lapse, irreparable harm will be done to all of the policyholders. The sum total of that harm will far exceed the harm done to the plaintiff if the Association is permitted to collect the renewal premiums. Therefore, for that reason also, the injunction should not be allowed to stand.

In accordance with the foregoing memorandum an order has been entered and certified to the Superior Court for Hartford County dissolving the temporary injunction.