STATE OF CONNECTICUT *v.* RAYMOND TIMNEY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 1-9429

Argued April 6—decided June 5, 1964

*Warren A. Luedecker,* with whom was *Arthur Levy, Jr.,* both of Bridgeport, for the appellant (defendant).

*Benjamin F. Ferris,* assistant prosecuting attorney, on the brief for the appellee (state).

DEARINGTON, J. Although the state failed to appear, it has filed a brief. In failing to appear, it failed to comply with § 696 of the 1963 Practice Book. See Practice Book, 1963, § 1023. While there may be occasions when a nonappearance is due to unavoidable reasons, the appellee, particularly in a criminal matter, should take positive measures to avoid such a situation. Otherwise this court will be warranted in taking such action as it deems proper.

The defendant, following his conviction for breach of the peace under § 53-174 of the General Statutes, has appealed, assigning error in the court's refusal to correct the finding and in its conclusions. He also claims a variance between the dates as set forth in the bill of particulars and the date alleged in the

information and, further, that his acts do not constitute the crime charged. Finally, he assigns error in the court's conclusion that upon all the evidence he was guilty beyond a reasonable doubt. Under the last assignment of error, it is unnecessary to consider in detail the claims of error directed to the finding, for we determine from the entire evidence whether the court erred in holding that guilt was established by the requisite degree of proof. *State* v. *Pundy,* 147 Conn. 7, 8.

The finding may be summarized as follows: The complaining witness, Olive Wicks, was a female domestic, nineteen years old. The defendant operated a driving school with his wife in several towns, including Greenwich. During February and March of 1963, Miss Wicks took driving lessons from the defendant in Greenwich. On the evening of March 7, during a lesson, it became necessary to go to the defendant's office to get a card which Miss Wicks was to send to her parents to execute in connection with her application for a license. While at the office, the defendant had two drinks of kummel, an alcoholic beverage. He also poured an alcoholic drink for Miss Wicks, part of which she drank. Later that evening, during the driving lesson, he directed her to a dark road and told her to park; she refused. He put his arm around her against her wishes and asked her for a kiss, which request was refused. On March 7, 13 and 14, while she was taking lessons and while the car was moving, the defendant put his hand on her knee and attempted to pull up her skirt. On one occasion when such an event occurred she hit him. In the course of instruction, it is sometimes necessary to touch a student on the knee in an emergency situation or when the student is using the wrong technique. During Miss Wicks' instruction no emergency occurred, and she did not use the wrong technique. The defendant's reputation for veracity

and morality was excellent in the several towns where the defendant had taught, both in Connecticut and New York.

The court concluded that three batteries had been committed, but since the state had alleged a single violation committed on or about March 7 the court found the defendant guilty of the violation alleged to have been committed on March 7.

The defendant claims that his conduct does not fall within the intendment of § 53-174. He contends that a breach of the peace can only be committed in a public place and that conduct involving one of two people and occurring in an isolated region cannot constitute a breach of the peace because it is necessary that the acts "cause serious disquietude on the part of those in the vicinity." *State* v. *Van Allen,* 140 Conn. 586, 589. The state relied upon that part of the statute relating to assault and battery, and the court so concluded. There is no question that such acts constitute a battery. 2 Swift, Digest, p. 338. It is significant that Swift considered touching of the body without lawful occasion an assault and battery under the title "Of Breach of the Peace." "It is not the doctrine of the law that there is no breach of the peace unless the public repose is disturbed." *Malley* v. *Lane,* 97 Conn. 133, 138. In *State* v. *Boyer,* 2 Conn. Cir. Ct. 288, 293 (abusive telephone calls), the court said: "The defendants stress and reiterate the familiar argument that to cause a breach of the peace there must be a disturbance of the public peace. Nowhere do we find a clear definition of what is meant by 'public.' One person, other than the offender, can be the public. It is not essential that an actual disturbance of the public peace be shown. . . . Each individual is entitled to be secure in his person, to be free from unjustified molestation by others, and to be guarded by the law

against any unwarranted intrusion upon his tranquility. Upon this foundation rests the existence of an orderly and civilized society." See *State* v. *Van Allen,* supra. "A breach of the peace may occur by any act likely to produce violence." *State* v. *Sinchuk,* 96 Conn. 605, 622. The defendant's contention is without merit.

The defendant further assigns error in that the date of the violation alleged in the information differed from the dates set forth in the bill of particulars; in short, the defendant claims a variance which was harmful. The information alleged that the crime was committed on March 7, 1963. The bill of particulars set forth February 11 and 13, 1963, as the dates the alleged crime was committed. When the question arose during the testimony of Miss Wicks relating to the conduct of the defendant on March 7, the defendant objected, claiming that the state was limited to Febuary 11 and 13. The following colloquy took place: "Mr. Izzillo (attorney for the defendant): I object, Your Honor. This is beyond the scope of the bill of particulars. The court: Do you claim surprise? Mr. Izzillo: Yes, I do. Because we have two specific dates when the alleged offenses were supposed to have happened. The court: Do you want time to prepare your defense to it? Mr. Izzillo: I don't need time. I first believe that the state should be limited to the date within the bill of particulars." The court overruled the objection, and the defendant took an exception. The court again advised the defendant that if additional time was required it would be granted. Izzillo responded, "I'll just take the exception."

"Proof of dates other than those alleged in a complaint ordinarily constitutes an immaterial variance . . . ." *Hitchcock* v. *Union & New Haven Trust Co.,* 134 Conn. 246, 248. "The policy of our

Practice Act from the beginning has been to overlook variances unless they are so material as to prejudice the other party." *Klein* v. *DeRosa,* 137 Conn. 586, 591. "Time is not an essential ingredient of the crime of rape and it can be proved to have been committed at any time before the date of the information and within the Statute of Limitations unless the date should become material in some way, as where a defense of alibi is to be made." *State* v. *Horton,* 132 Conn. 276, 277; *Stenz* v. *Sandstrom,* 143 Conn. 72, 75. Time is not an essential element of the crime of breach of the peace unless the date is material to the defense. No claim of materiality is here made, and furthermore the defendant on direct examination admitted that he gave Miss Wicks a driving lesson on March 7, the date alleged in the information. Since the defendant did not request a continuance, he waived any right he might have under the rules. Practice Book, 1963, §§ 525-527, 800; see *State* v. *McGee,* 80 Conn. 614, 617. The court's ruling was not incorrect.

The defendant further contends that error was committed in admitting certain testimony which was offered by the state in rebuttal and related to specific acts of the defendant concerning his morality. When the witness was produced and before she had testified, the defendant stated he would reserve his right to object to any evidence offered through this witness unless it pertained to acts committed by the defendant as alleged and committed in the presence of the witness. The witness then testified, but the defendant failed to exercise his right to object to the testimony, and no exception was taken. Practice Book, 1963, § 226; Maltbie, Conn. App. Proc. § 308. The defendant had not merely put his reputation for truth and veracity in issue but had also put in character evidence as it related to his morality. The state therefore was en-

titled to attack his character as to traits or attributes the existence or nonexistence of which was involved in the commission of the crime charged. See 1 Wharton, Criminal Evidence (12th Ed.) § 148.

The defendant's final assignment of error is that the court could not upon all the evidence have found guilt established beyond a reasonable doubt. The evidence has been examined, and we are satisfied that there was adequate evidence on which the court could find guilt proven beyond a reasonable doubt.

There is no error.

In this opinion KOSICKI and KINMONTH, Js., concurred.