STATE OF CONNECTICUT v. JOHN LORENZO

FILE No. CR 1-14709

STATE OF CONNECTICUT v. PETER LORENZO

FILE No. CR 1-14710

STATE OF CONNECTICUT v. JERRY CARECCIA

FILE No. CR 1-14712

APPELLATE DIVISION OF THE CIRCUIT COURT

Argued April 25—decided June 24, 1966

*Lawrence Hirsch* and *Richard S. Weinstein,* of Norwalk, for the appellants (defendants).

*John J. Vallerie, Jr.,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. These cases arose out of the same situation, were tried together and were combined on appeal. In all respects they are factually identical and the issues presented on appeal are the same. The defendants entered pleas of not guilty and elected trial by jury. After a trial to the jury, they were convicted of breach of the peace in violation of § 53-174 of the General Statutes, and from the judgment they have appealed. They claim error in the denial of their motion to set aside the verdict, in the denial of their motion in arrest of judgment, and in the court's charge.

The motion in arrest of judgment was properly denied by the court, it having been filed August 2, 1965, whereas the verdict was accepted June 14, 1965. See Practice Book § 254. On a motion to set aside the verdict, the court's action is ordinarily reviewed on the evidence. *State* v. *Devine,* 149 Conn.

640, 654. Where, however, the motion is pressed in brief and argument solely on the claims of error relating to the court's charge, as it was here, it requires no separate discussion. *State* v. *Mendill*, 141 Conn. 360, 361. The charge, however, is to be tested by the finding, not by the evidence. *State* v. *DeGennaro*, 147 Conn. 296, 301.

The finding is unchallenged and shows that the state offered evidence to prove and claimed to have proved the following facts: On May 5, 1965, about 6 p.m., Richard Stein, a member of the United States army, was returning from the Kennedy airport on Long Island accompanied by his brother, who had arrived earlier from the Virgin Islands. Richard was operating his car and was proceeding along the New England Thruway in New York when he observed a red Mustang car with a sailor in the front passenger seat. Both cars entered Connecticut at Greenwich and proceeded side by side. The sailor was later identified as Peter Lorenzo, one of the defendants. The operator of the Mustang was John Lorenzo, a defendant, and the other passengers in his car were Jerry Careccia, a defendant, and Stephen Fein. John Lorenzo and his passengers, all of New York, were returning Peter to his naval station in Groton. At some point after entering Connecticut and while on the Connecticut Turnpike, Peter made an indecent finger gesture and swore at the occupants of the Stein car, challenging the Steins to "pull over and fight, come on you cowards." The Stein car made an exit at East Avenue in Norwalk and the Mustang followed it. The Stein car was unsuccessful in attempting to evade the Mustang by driving over back streets in Norwalk. At Westport and East Avenues in Norwalk a red traffic light compelled the Stein car to stop. At this point the Mustang was immediately in its rear. Peter alighted from the Mustang and ran to the front of the Stein

car with what appeared to be a club in his hand, although it was later identified as a hair brush. He yelled at the occupants of the Stein car, using the brush in a threatening manner and finally throwing it at the windshield of the Stein car. At this time Richard Stein alighted from his car with a bottle of liquor in his hand. A fight ensued between Peter and Richard in which Peter struck Richard and Richard retaliated by striking Peter with the bottle of liquor. Thereafter, Peter continued to strike Richard, the latter's watch was ripped from his wrist, and he was knocked to the ground and kicked in the groin. In the meantime, David Stein had alighted from the passenger's side of the Stein car and engaged in fisticuffs with John Lorenzo and Jerry Careccia, as a result of which David's jaw was hurt and his clothes were torn. During this altercation someone yelled, "Get the pistol," and Careccia rushed for the back of the Mustang and one of the Steins slammed its door shut. At this time someone yelled, "The cops are coming," and the participants returned to their cars and left the scene. During the melee some twenty-five to thirty cars with occupants had gathered in the area. John Lorenzo and Careccia made no indecent remarks or indecent gestures at any time. After leaving the scene, the Steins proceeded to their father's garage in Westport and upon learning Peter had been seriously injured went to the Westport police station and thence to the Norwalk police headquarters. As a result of this escapade, the Steins entered pleas of nolo contendere to breach of the peace at a prior arraignment.

The defendants offered evidence to prove and claimed to have proved that they did not break the peace in Norwalk on or about May 5, 1965. They assign error in the part of the court's charge in which it instructed the jury as follows: "However, you are not to feel that you are being instructed to

concern yourselves only with East and Westport Avenues. There has been testimony with respect to what occurred as they came down the Thruway. And the rest of the statute may or may not have been violated as you determine the evidence in those other manners which I read to you, that is, of offensive carriage, noise and behavior, threatening, traducing, quarreling with, and so on. The only reason I say that is because the only assault and battery upon which there was evidence occurred in Norwalk on East and Westport Avenues." Aside from this allusion to the evidence which concerned the activities on the thruway, the much greater portion of the charge was directed to the part of the chain of events which dealt with the affray in Norwalk.

While no requests to charge were made by the defendants, they did take exception to the quoted part of the charge immediately after it was delivered. See Maltbie, Conn. App. Proc. § 112. In short, the defendants claim that a material variance in the state's evidence was incorporated into the charge. They argue that the crime was alleged to have been committed in Norwalk and that although evidence relating to misconduct committed on the thruway came in without objection, they assumed it was preliminary in nature and did not directly relate to the actual allegation, which described the crime as having been committed in Norwalk. They further contend that had they known the court would charge as it did on this point their defense would have been conducted in a different manner. This claim does not involve jurisdiction or even venue, since all portions of the turnpike from the New York border to, through and beyond Norwalk are located within the territorial jurisdiction of the first circuit. See General Statutes § 51-251, of which this court takes judicial notice. *Mitchell* v. *Southern New England Telephone Co.*, 90 Conn. 179, 182.

The defendants rely heavily on *State* v. *Barr,* 39 Conn. 40, 43, where the court held that "the state must be confined in its proof to a place bearing the description which is here given, for the law will never allow one place to be described in which an offence is alleged to have been committed, and another place proved on the trial; and especially is this true in cases where some place of a particular description is an important element in the alleged crime." In that case, the accused was charged with keeping open a house, saloon and building in which it was reputed that spirituous liquor was exposed for sale, and the proof was that the accused kept open a park in which was located a platform where such activity was claimed to have occurred. The trial court charged the jury that a platform was a building within the meaning of the statute, but on appeal the Supreme Court held otherwise. The crime with which Barr was charged, by statute, could be committed only in specified places, and thus the precise location was a controlling element. In the instant case, because of the nature of the crime and the surrounding circumstances, the place of commission was not an essential ingredient of the offense as defined by statute.

The defendants also cite *McKinley Park Homes, Inc.* v. *Commission on Civil Rights,* 20 Conn. Sup. 167, 171, and *State* v. *Miller,* 24 Conn. Sup. 247, 249, 1 Conn. Cir. Ct. 534, 536, to the effect that the allegations of a complaint, warrant or information must clearly state the cause of action or charge upon which the state relies. It is fundamental in criminal law that an accused shall be informed of the nature and cause of the accusation. U.S. Const. amend. VI; Conn. Const. art. I § 8; *State* v. *Scott,* 80 Conn. 317, 321. A short form information, authorized by statute, was relied on by the state in the instant case, and in so far as it relates to the nature of the

charge it conformed to our rules. Practice Book §§ 826, 493.

Since such questions as venue, jurisdiction, double jeopardy (the record affords protection in this respect) and vicinage of the jury are not controlling factors, as at common law, the variance was immaterial unless it is shown that the defendants were misled and thereby prevented from properly preparing their defense. For cases on materiality of variance in respect to place or location, see *Ledbetter* v. *United States,* 170 U.S. 606; *United States* v. *Ansani,* 240 F.2d 216; *United States* v. *Raff,* 161 F. Sup. 276; 27 Am. Jur., Indictments and Informations, § 182; 42 C.J.S., Indictments and Informations, § 256.

It is important to note that the alleged conduct on the thruway was found to consist of indecent gestures and profanity. The finding also indicates that John Lorenzo and Careccia made no indecent remarks or gestures; thus it would appear that the thruway incidents related only to Peter Lorenzo. There is nothing in the charge that would indicate otherwise. Evidence of what occurred on the thruway was brought into the case not only by the state but also by the defendant Peter. He testified that the Stein car was being pursued because he was attempting to make a "citizen's arrest." See *Malley* v. *Lane,* 97 Conn. 133, 139; 2 Swift, Digest (Rev. 1871), p. 413; 5 Am. Jur. 2d, Arrest, § 35 (all to the effect that at common law a private person can arrest without a warrant for a breach of peace committed in his presence). Regarding his claimed right to make such an arrest, he testified: "Any individual who sincerely feels that the life, property of any other individual has been damaged or is being degraded to some respect has the right to take this person under custody until the police can arraign

him under the law." So insistent was he on this point that he orally requested the court to charge the jury in this respect, and the court complied. While it is unnecessary to pass upon the propriety of such a defense, it does point up that the defendant Peter, by his own testimony, focused attention on the thruway episode. Under these circumstances, it can hardly be said that the defendants were misled by the portion of the charge to which exception was taken.

The case was thoroughly tried, as is suggested by the 343 pages of the transcript and a trial extending into four days. All of the participants appeared, testified and were subjected to lengthy and searching examinations. It is apparent that the witnesses were the only persons who were present in regard to what occurred on the thruway. Furthermore, it is not suggested in what manner or way the defendants were misled in establishing their defense. The evidence came in with little or no objection, and variance was not claimed. The issues involved no complications or complexities, and the defendants raise no question that the jury could not have properly found them guilty on the evidence.

The variance was immaterial, and the record does not sustain the contention of the defendants that they were misled in their defense. We are not required to grant a new trial if we are of the opinion that errors at the trial have not materially injured the appellants. See General Statutes § 52-265. Under the circumstances of this case, we conclude no prejudice or injustice has resulted to the defendants and a new trial is unwarranted. Practice Book § 527; *State* v. *Mola*, 128 Conn. 407, 410.

There is no error.

In this opinion KOSICKI and KINMONTH, Js., concurred.