[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is a motion for summary judgment filed by the defendant, Stewart Amusements, Inc. The following facts and procedures are relevant to the Court's decision. CT Page 16331
 FACTS
The plaintiff; Dawn Hibert, filed a four count complaint on April 22, 1999, against the defendants, Stewart Amusements, Inc. (Stewart), and St. Gregory the Great Roman Catholic Corp. (St. Gregory), for injuries she allegedly sustained on a ride at St. Gregory's carnival in the summer of 1997. In her complaint, Hibert alleges that the injury occurred on July 14, 1997. She further alleges that the employees of Stewart failed to warn or instruct her as to the proper way to control the ride, that there were no instructions inside the ride as to how to properly control it, and that the lack of padding or shoulder harness was inadequate to protect her from injury.
The defendants filed a motion for summary judgment on March 15, 2001, alleging that the plaintiff could not have sustained her injuries at St. Gregory's carnival, as it ran from July 9 through July 12, and was over two days before the plaintiff sustained her injuries. Furthennore, they are that the ride was inspected and approved by the department of public health (DPH) and was therefore "reasonably safe" for patrons. Lastly, they argue that the plaintiff assumed the risk of injury when she voluntarily chose to participate on the ride.
The plaintiff filed a memorandum of law in opposition to the defendants' motion for summary judgment on June 22, 2001, arguing that, clearly, the date of injury alleged was wrong, but that mistake in itself is not fatal to her complaint. She argues that it was an immaterial variance, that pleadings are to be construed broadly, and the defendants were given sufficient notice of the facts and issues that were to be presented in the case. She further argues that although there is no issue with regard to the fact that the ride was inspected and approved, the defendants have not shown that the law then mandates judgment in their favor. Lastly, she argues that the defense of assumption of the risk has been eliminated in Connecticut.
The defendants argue that there is no genuine issue of fact as to the date of the incident and they are entitled to judgment as a matter of law. They argue that the plaintiffs complaint alleges that she was injured at St. Gregory's carnival on June 14, 1997. (Complaint, ¶ 1.) In addition, in connection with their objection to the plaintiffs request to amend, the defendants submitted the deposition testimony of the plaintiff that states definitively a number of times that the date of the incident was June 14, 1997. (Defendants' Memorandum in Objection to the Plaintiff's Request to Amend, Exhibit A, Deposition of Dawn Hibert, March 13, 2000, pp. 20, 54, 55, 59, 60, 61, 63.) From the evidence, it is undisputed that St. Gregory's carnival ran from June 9-12, 1997. The CT Page 16332 defendants argue that a factual allegation in a complaint is a judicial admission and therefore conclusive and binding on the plaintiff.
The plaintiff does not offer any evidence corroborating the date of the incident. She admits that clearly she made a mistake in determining when the incident occurred, but argues that, in itself; is not fatal to her complaint. She maintains that pleadings are to be construed broadly and that an immaterial variance cannot be the basis of a summary judgment. She argues that the complaint is sufficient so long as it gives notice to the defendants with regard to what facts and issues are going to be presented at trial. Our discussion begins with defendant's first claim for summary judgment.
 DISCUSSION
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forth with if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984). "Summary judgment procedure is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact. . . ." (Citations omitted; internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975).
"It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of [its] complaint. . . . However, [t]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing CT Page 16333 party, we will not conclude that the complaint is insufficient to allow recovery." (Citations omitted; internal quotation marks omitted.) NormandJosef Enterprises, Inc. v. Connecticut National Bank, 230 Conn. 486,496, 646 A.2d 1289 (1994). "An immaterial variance is one in which the difference between the allegations and the proof is so slight and unimportant that the adverse party is not misled as to the charge he is required to meet or prejudiced in maintaining his defense on the merits of the case." (Internal quotation marks omitted.) Lyons v. Nichols,63 Conn. App. 761, 765-66, ___ A.2d ___ (2001). "A variance in the factual aspect of a case which does not prejudice the opponent, and which does not change the theory of the cause of action, should not under ordinary circumstances be allowed to make voidable an otherwise sound judgment." Willow Springs Condominium Assn., Inc. v. Seventh BRTDevelopment Corp., 245 Conn. 1, 63, 717 A.2d 77 (1998). There is no evidence submitted by the defendants to show that they did not have notice as to what the issues and allegations were against them. The theory of recovery has not changed, and the defendants will be able to create a defense based on the merits of the case.
The defendants argue, however, that a factual allegation in a pleading is a judicial admission and therefore binding, and cite to JonesDestruction, Inc. v. Upjohn, 161 Conn. 191, 286 A.2d 308 (1971). In that case, the court found that because the defendant admitted the allegation in his answer, that constituted a judicial admission conclusive on the defendant. Id., 199. In Dreier v. Upjohn Co., 196 Conn. 242, 492 A.2d 164
(1985), however, the court explained further that "[f]actual allegations contained in pleadings upon which the cause is tried are considered judicial admissions and hence irrefutable as long as they remain in thecase." (Emphasis added.) Id., 248. See Hitchcock v. Union New HavenTrust Co., 134 Conn. 246, 248, 56 A.2d 655 (1947) (proof of dates other than those alleged in complaint for overtime compensation held to be immaterial variance); State v. Timney, 2 Conn. Cir. Ct. 644, 649,204 A.2d 417 (1964) (proof of dates other than those alleged in complaint ordinarily constitutes immaterial variance); Markiewicz v. Bajor, Superior Court, judicial district of Ansonia-Milford, Docket No. 32458 (December 7, 1990, Fuller, J.) (proof of dates other than those alleged in complaint at time of trial would be immaterial variance). In general, variances as to time, place, quantity and value are not material. WestHaven v. Aimes, 123 Conn. 543, 548, 196 A.2d 774 (1938); see also Statev. Lorenzo, 4 Conn. Cir. Ct. 67, 225 A.2d 503 (1966) (variance in respect to place or location of breach of peace is immaterial if defendant is not misled and is not prevented from properly preparing his defense); Statev. Timney, supra, 2 Conn. Cir. Ct. 649 (time is not an essential element of crime of breach of peace).
 B CT Page 16334
In moving for summary judgment, the defendants argue that because the ride had been inspected and approved by the DPH, they did everything they needed to do to make the ride "reasonably safe" and are therefore entitled to judgment as a matter of law. The plaintiff counters by stating that summary judgment requires a two step process: that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. She acknowledges that the ride was inspected and approved by the DPH. She argues, however, that the defendants do not cite any law that concludes that this factual finding mandates judgment in their favor.
In a negligence action, the plaintiff must show that the defendant breached a duty of care. In the present case, the plaintiff qualifies as a business invitee. "A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land . . . . The measure of duty of a property owner to a business invitee with respect to the condition of the property is the exercise of reasonable care to have and keep it reasonably safe for the reasonably to be anticipated uses which the invitee would make of it." (Citations omitted; internal quotation marks omitted.) Mable v. Bass Transportation Co., 40 Conn. Sup. 253,255-56, 490 A.2d 548 (1983). The defendants argue that the inspection and approval by the DPH was enough to demonstrate that they did not breach their duty of care. They offer as evidence photographs of the warnings on the ride, along with the DPH inspector's affidavit of approval. (Defendants' Memorandum, Exhibits A, C.)
The plaintiff argues that there is an issue of fact with regard to the adequacy of the warnings on the ride and the lack of instructions by the employees of Stewart as to how to control the spinning of the ride once inside. There is also an issue as to the cause of the injury, and whether the plaintiff actually suffered from injuries prior to attending St. Gregory's carnival. There is evidence submitted that shows a doctor's report from December, 1996, six months prior to the incident, stating that the plaintiff suffered from back and neck pain. (Defendants' Memorandum, Exhibit F.) There is another doctor's report submitted as evidence, however, that states that the plaintiffs current injuries were most likely caused by the incident at the carnival. (Defendants' Memorandum in Objection to the Plaintiff's Request to Amend, Exhibit E.) Issues of fact remain as to breach and causation.
 C
Lastly, the defendants argue that the plaintiff assumed the risk of injury by voluntarily participating in the ride at the carnival. They CT Page 16335 submit as evidence the warnings and instructions on the ride, deemed by the DPH as adequate. Furthermore, the affidavit of the president of Stewart maintains that the ride was inspected by a licensed engineer, found to be safe for use, properly maintained and free of any defects. (Defendants' Memorandum, Exhibit B, Affidavit of Richard B. Stewart, March 5, 2001, ¶ 14.) The plaintiff counters that assumption of the risk is no longer a valid defense in Connecticut.
"Connecticut also abolished the assumption of the risk doctrine for negligence actions under General Statutes § 52-572h (1). Instead of the doctrines of assumption of the risk, last clear chance and contributory negligence, the single standard of comparative negligence applies, and in determining the relevant negligence of each party the trier may consider the factors relevant to the assumption of the risk doctrine." Cahill v. Carella, 43 Conn. Sup. 168, 173, 648 A.2d 169
(1994). Our Supreme Court has discussed some factors relevant to the assumption of the risk defense. "The defense of assumption of risk is applicable when a person knows or as a reasonable person should know that in pursuing a certain course he will expose himself to the risk of injury, comprehends or ought as a reasonable person to comprehend the nature and extent of the risk and voluntarily subjects himself to it. He thus assumes the risk and cannot recover damages resulting from it."Nally v. Charbonneau, 169 Conn. 50, 53, 362 A.2d 494 (1975).
 CONCLUSION
Based upon the foregoing, the motion for summary judgment is denied.
HOLDEN, J.